347 So.2d 1085 (1977)
KENNEDY AND COHEN, INC., Appellant,
v.
Leslie VAN EYCK, etc., et al., Appellees.
No. 76-1371.
District Court of Appeal of Florida, Third District.
July 6, 1977.
Marlow, Mitzel, Ortmayer & Shofi and John B. Ostrow, Miami, for appellant.
Daniel V. Ligman, Coral Gables, Allen G. Cohen, Alexander L. Martone, Jeanne Heyward, Miami, for appellees.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
HENDRY, Chief Judge.
Appellant, co-defendant below, appeals a post trial "order on motion for determination of amount of contribution among joint tortfeasors."
This case arose out of a civil action for damages (automobile negligence) brought by the injured passengers of a vehicle insured by United States Fidelity & Guaranty Company (U.S.F. & G.), owned by Thorpe and driven by Van Buren, all appellees, co-defendants below. The accident occurred when the automobile collided with a concrete structure in appellant's parking lot.
The cause proceeded to trial and resulted in a jury verdict in favor of the passengers which was made the basis of a final judgment in their favor. The jury also returned a cross-claim verdict upon special interrogatories which found that appellant was 80% negligent and appellee Van Buren, 20% negligent.
Thereafter, pursuant to Section 768.31, Florida Statutes (1975), appellee U.S.F. & G. filed a "motion for determination of amount of contribution among joint tortfeasors." The motion alleged that prior to *1086 trial, a good faith offer had been made by U.S.F. & G., whereas appellant had failed to make any offer to settle the case, necessitating the expense of trial.
After a full hearing on the matter, the court entered an order on said motion which, in part, reads:
"ORDERED AND ADJUDGED that the Court finds the UNITED STATES FIDELITY AND GUARANTY COMPANY and KENNEDY AND COHEN, INC., to be joint tort-feasors, jointly and severally liable to the Plaintiffs for the payment of the judgment entered against them in favor of the Plaintiffs in the above styled cause, and it is further
"ORDERED AND ADJUDGED that the Defendant, UNITED STATES FIDELITY AND GUARANTY COMPANY, may enforce contribution from Defendant, KENNEDY AND COHEN, INC., for 80% of the judgments in favor of the Plaintiffs against the Defendants, and for the costs judgments entered in favor of the Plaintiffs against the Defendants based upon the equities between these two Defendants, the relative degrees of fault between the two Defendants not being considered by the Court, so that KENNEDY AND COHEN, INC., shall be liable for 80% of the judgments and costs in favor of the Plaintiffs against these defendants, and that UNITED STATES FIDELITY AND GUARANTY COMPANY, BRADLEY VAN BUREN, and THOMAS I. THORPE, shall be liable for 20% of the payment of the judgments and costs in favor of the Plaintiffs against these defendants."
From the above order, this appeal is taken.
Appellant contends that the court erred in ordering contribution between appellees and appellant on a 20%-80% basis in that Section 768.31(3), Florida Statutes (1975) requires contribution on a pro rata basis, and not on the basis of relative degrees of fault.[1] Based upon the record on appeal, we must reject appellant's contention.
Section 768.31(3) provides:
"(3) Pro Rata Shares. In determining the pro rata shares of tortfeasors in the entire liability:
"(a) Their relative degrees of fault shall not be considered.
"(b) If equity requires, the collective liability of some as a group shall constitute a single share.
"(c) Principles of equity applicable to contribution generally shall apply. [Emphasis added.]
We note that in rendering its order, the court specifically stated that it was not considering the relative degrees of fault of the parties, but was rather basing the order upon the equities between appellees and appellant.
In that appellant has failed to include a transcript of the hearing on the aforementioned motion as part of the record on appeal, we must assume that the court's determination of the equities between the parties was based upon competent evidence. Sydney Paper Co. v. Gans, 193 So.2d 41 (Fla. 3d DCA 1966); In re Guardianship of White, 140 So.2d 311 (Fla. 1st DCA 1962).
Accordingly, the order appealed from is hereby affirmed.
Affirmed.
NOTES
[1] The above statutory section has since been changed to provide that relative degrees of fault shall be the basis for allocation of liability. See Section 768.31(3), Florida Statutes (1976 Supp.).