**Harry Douglas McINTYRE,
Plaintiff–Appellant,**

v.

**Clifford BALENTINE and East–West
Motor Freight, Inc., Defendants–
Appellees.**

Supreme Court of Tennessee,
at Jackson.

May 4, 1992.

Rehearing Denied June 1, 1992.

T. Robert Hill, Hill, Boren, Drew & Martindale, P.C., Jackson, John W. Wade, Waller, Lansden, Dortch & Davis, Nashville, Professor Jerry J. Phillips, University of Tennessee, College of Law, J. Anthony Farmer, Ray, Farmer & Eldridge, Knoxville, for plaintiff-appellant.

Robert V. Redding, Waldrop, Breen, Bryant, Crews, Taylor & McLeary, P.A., Jackson, for defendant-appellee Clifford Balentine.

J. Daniel Breen, Waldrop, Breen, Bryant, Crews, Taylor & McLeary, P.A., Jackson, for defendant-appellee East–West Motor Freight, Inc.

Terry L. Hill, James M. Doran, Jr., Donald Capparella, Manier, Herod, Hollabaugh & Smith, Nashville, for amicus curiae Tennessee Defense Lawyers' Association.

## OPINION

DROWOTA, Justice.

In this personal injury action, we granted Plaintiff's application for permission to appeal in order to decide whether to adopt a system of comparative fault in Tennessee.

We are also asked to determine whether the criminal presumption of intoxication is admissible evidence in a civil case. We now replace the common law defense of contributory negligence with a system of comparative fault. Additionally, we hold that the criminal presumption of intoxication established by T.C.A. § 55–10–408(b) (1988) is admissible evidence in a civil case.

In the early morning darkness of November 2, 1986, Plaintiff Harry Douglas McIntyre and Defendant Clifford Balentine were involved in a motor vehicle accident resulting in severe injuries to Plaintiff. The accident occurred in the vicinity of Smith's Truck Stop in Savannah, Tennessee. As Defendant Balentine was traveling south on Highway 69, Plaintiff entered the highway (also traveling south) from the truck stop parking lot. Shortly after Plaintiff entered the highway, his pickup truck was struck by Defendant's Peterbilt tractor. At trial, the parties disputed the exact chronology of events immediately preceding the accident.

Both men had consumed alcohol the evening of the accident. After the accident, Plaintiff's blood alcohol level was measured at .17 percent by weight. Testimony suggested that Defendant was traveling in excess of the posted speed limit.

Plaintiff brought a negligence action against Defendant Balentine and Defendant East–West Motor Freight, Inc.[1] Defendants answered that Plaintiff was contributorially negligent, in part due to operating his vehicle while intoxicated. After trial, the jury returned a verdict stating: "We, the jury, find the plaintiff and the defendant equally at fault in this accident; therefore, we rule in favor of the defendant."

After judgment was entered for Defendants, Plaintiff brought an appeal alleging the trial court erred by (1) refusing to instruct the jury regarding the doctrine of comparative negligence, and (2) instructing the jury that a blood alcohol level greater than .10 percent creates an inference of

---

1. Defendant East–West Motor Freight, Inc., is a party to this action as lessee of the Peterbilt tractor Defendant–Balentine was operating at the time of the accident. Defendant–Balentine is the owner-lessor of the tractor.

intoxication. The Court of Appeals affirmed, holding that (1) comparative negligence is not the law in Tennessee, and (2) the presumption of intoxication provided by T.C.A. § 55–10–408(b) (1988) is admissible evidence in a civil case.

## I.

The common law contributory negligence doctrine has traditionally been traced to Lord Ellenborough's opinion in *Butterfield v. Forrester*, 11 East 60, 103 Eng.Rep. 926 (1809). There, plaintiff, "riding as fast as his horse would go," was injured after running into an obstruction defendant had placed in the road. Stating as the rule that "[o]ne person being in fault will not dispense with another's using ordinary care," plaintiff was denied recovery on the basis that he did not use ordinary care to avoid the obstruction. *See* 11 East at 61, 103 Eng.Rep. at 927.

The contributory negligence bar was soon brought to America as part of the common law, *see Smith v. Smith*, 19 Mass. 621, 624 (1824), and proceeded to spread throughout the states. *See* H.W. Woods, The Negligence Case: Comparative Fault § 1:4 (1978). This strict bar may have been a direct outgrowth of the common law system of issue pleading; issue pleading posed questions to be answered "yes" or "no," leaving common law courts, the theory goes, no choice but to award all or nothing. *See* J.W. Wade, W.K. Crawford, Jr., and J.L. Ryder, *Comparative Fault In Tennessee Tort Actions: Past, Present and Future*, 41 Tenn.L.Rev. 423, 424–25 (1974). A number of other rationalizations have been advanced in the attempt to justify the harshness of the "all-or-nothing" bar. Among these: the plaintiff should be penalized for his misconduct; the plaintiff should be deterred from injuring himself; and the plaintiff's negligence supersedes the defendant's so as to render defendant's negligence no longer proximate. *See* W. Keeton, *Prosser and Keeton On The Law Of Torts*, § 65, at 452 (5th ed. 1984); J.W. Wade, *supra*, at 424.

In Tennessee, the rule as initially stated was that "if a party, by his own gross negligence, brings an injury upon himself, or contributes to such injury, he cannot recover;" for, in such cases, the party "must be regarded as the author of his own misfortune." *Whirley v. Whiteman*, 38 Tenn. 610, 619 (1858). In subsequent decisions, we have continued to follow the general rule that a plaintiff's contributory negligence completely bars recovery. *See, e.g., Hudson v. Gaitan*, 675 S.W.2d 699, 704 (Tenn.1984); *Talbot v. Taylor*, 184 Tenn. 428, 432, 201 S.W.2d 1, 3 (1935); *Nashville Ry. v. Norman*, 108 Tenn. 324, 333, 67 S.W. 479, 481 (1902); *Railroad v. Pugh*, 97 Tenn. 624, 627, 37 S.W. 555, 557 (1896); *Postal Telegraph–Cable Co. v. Zopfi*, 93 Tenn. 369, 373, 24 S.W. 633, 634 (1894); *East Tennessee V. & G.R.R. v. Conner*, 83 Tenn. 254, 258 (1885); *Louisville & N.R.R. v. Robertson*, 56 Tenn. 276, 282 (1872); *Nashville & C.R.R. v. Carroll*, 53 Tenn. 347, 366–67 (1871); *Cogdell v. Yett*, 41 Tenn. 230, 232 (1860).

Equally entrenched in Tennessee jurisprudence are exceptions to the general all-or-nothing rule: contributory negligence does not absolutely bar recovery where defendant's conduct was intentional, *see, e.g., Stagner v. Craig*, 159 Tenn. 511, 514, 19 S.W.2d 234, 234–35 (1929); *Memphis St. Ry. v. Roe*, 118 Tenn. 601, 612–13, 102 S.W. 343, 346 (1907); where defendant's conduct was "grossly" negligent, *see, e.g., Ellithorpe v. Ford Motor Co.*, 503 S.W.2d 516, 522 (Tenn.1973); *Carroll*, 53 Tenn. at 366–67; where defendant had the "last clear chance" with which, through the exercise of ordinary care, to avoid plaintiff's injury, *see, e.g., Roseberry v. Lippner*, 574 S.W.2d 726, 728 (Tenn.1978); *Kansas City, M. & B.R.R. v. Williford*, 115 Tenn. 108, 120–21, 88 S.W. 178, 181–82 (1905); *Davies v. Mann*, 152 Eng.Rep. 588 (1842); or where plaintiff's negligence may be classified as "remote." *See, e.g., Arnold v. Hayslett*, 655 S.W.2d 941, 945 (Tenn.1983); *Street v. Calvert*, 541 S.W.2d 576, 585 (Tenn.1976); *Norman*, 108 Tenn. at 333, 67 S.W. at 481; *East Tennessee, V. & G. Ry. v. Hull*, 88 Tenn. 33, 36, 12 S.W. 419, 419–20 (1889).

In contrast, comparative fault has long been the federal rule in cases involving

injured employees of interstate railroad carriers, *see* Federal Employers' Liability Act, ch. 149, § 3, 35 Stat. 66 (1908) (codified at 45 U.S.C. § 53 (1988)), and injured seamen. *See* Death On The High Seas Act, ch. 111, § 6, 41 Stat. 537 (1920) (codified at 46 U.S.C. § 766 (1988)); Jones Act, ch. 250, § 33, 41 Stat. 1007 (1920) (codified as amended at 46 U.S.C. § 688 (1988)). *See generally* V. Schwartz, *Comparative Negligence* § 1.4(A) (2d ed. 1986).

Similarly, by the early 1900s, many states, including Tennessee, had statutes providing for the apportionment of damages in railroad injury cases. *See* V. Schwartz, *supra,* at § 1.4. While Tennessee's railroad statute did not expressly sanction damage apportionment, it was soon given that judicial construction. In 1856, the statute was passed in an effort to prevent railroad accidents; it imposed certain obligations and liabilities on railroads "for all damages accruing or resulting from a failure to perform said dut[ies]." Act of Feb. 28, 1856, ch. 94, § 9, 1855–56 Tenn. Acts 104. *See generally* J.W. Wade, *supra,* at 431–33. Apparently this strict liability was deemed necessary because "the consequences of carelessness and want of due skill [in the operation of railroads at speeds previously unknown] ... are so frightful and appalling that the most strict and rigid rules of accountability must be applied." *See East Tennessee & G.R.R. v. St. John,* 37 Tenn. 524, 527 (1858); Note, *Railroads—Precautions Act—Effect of 1959 Amendment,* 28 Tenn.L.Rev. 437, 439

(1961). The statute was then judicially construed to permit the jury to consider "[n]egligence of the person injured, which caused, or contributed to cause the accident ... in determining the amount of damages proper to be given for the injury." *Louisville & N.R.R. v. Burke,* 46 Tenn. 45, 51–52 (1868). This system of comparative fault was utilized for almost a century until 1959 when, trains no longer unique in their "astonishing speeds," the statute was overhauled, its strict liability provision being replaced by negligence per se and the common law contributory negligence bar. *See* Act of Mar. 10, 1959, ch. 130, § 2, 1959 Tenn.Pub. Acts 419; Note, *supra,* 28 Tenn. L.Rev. at 439.

Between 1920 and 1969, a few states began utilizing the principles of comparative fault in all tort litigation. *See* C. Mutter, *Moving to Comparative Negligence in an Era of Tort Reform: Decisions for Tennessee,* 57 Tenn.L.Rev. 199, 227 n. 127 (1990). Then, between 1969 and 1984, comparative fault replaced contributory negligence in 37 additional states. *Id.* at 228. In 1991, South Carolina became the 45th state to adopt comparative fault, *see Nelson v. Concrete Supply Co.,* 303 S.C. 243, 399 S.E.2d 783 (1991), leaving Alabama,[2] Maryland, North Carolina, Virginia, and Tennessee as the only remaining common law contributory negligence jurisdictions.

Eleven states have judicially adopted comparative fault.[3] Thirty-four states

**2.** While not entirely clear, Alabama may be preparing to abandon contributory negligence. The Alabama Supreme Court recently stated that it would soon select a case and grant review for the sole purpose of considering "when, how, and in what form" comparative negligence should be adopted. *See Williams v. Delta Int'l Mach. Corp.,* No. 1901255 (Ala., Dec. 13, 1991) (1991 WL 261449). However, the *Williams* opinion was later ordered withdrawn.

**3.** In the order of their adoption, these states are Florida, California, Alaska, Michigan, West Virginia, New Mexico, Illinois, Iowa, Missouri, Kentucky, and South Carolina.

Nine courts adopted pure comparative fault: *See Hoffman v. Jones,* 280 So.2d 431 (Fla.1973); *Li v. Yellow Cab Co.,* 13 Cal.3d 804, 532 P.2d 1226, 119 Cal.Rptr. 858 (1975); *Kaatz v. State,*

540 P.2d 1037 (Alaska 1975); *Placek v. City of Sterling Heights,* 405 Mich. 638, 275 N.W.2d 511 (1979); *Scott v. Rizzo,* 96 N.M. 682, 634 P.2d 1234 (1981); *Alvis v. Ribar,* 85 Ill.2d 1, 52 Ill. Dec. 23, 421 N.E.2d 886 (1981); *Goetzman v. Wichern,* 327 N.W.2d 742 (Iowa 1982); *Gustafson v. Benda,* 661 S.W.2d 11 (Mo.1983); *Hilen v. Hays,* 673 S.W.2d 713 (Ky.1984). In two of these states, legislatures subsequently enacted a modified form. *See* Ill.Ann.Stat. ch. 110, para. 2–1116 (Supp.1991); Iowa Code Ann. § 668.3 (West 1987).

Two courts adopted a modified form of comparative fault. *See Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979) (plaintiff may recover if his negligence is less than defendants'); *Nelson v. Concrete Supply Co.,* 303 S.C. 243, 399 S.E.2d 783 (1991) (plaintiff may recover if his negligence is not greater than defendants').

have legislatively adopted comparative fault.[4]

## II.

Over 15 years ago, we stated, when asked to adopt a system of comparative fault:

> We do not deem it appropriate to consider making such a change unless and until a case reaches us wherein the pleadings and proof present an issue of contributory negligence accompanied by advocacy that the ends of justice will be served by adopting the rule of comparative negligence.

*Street v. Calvert*, 541 S.W.2d at 586. Such a case is now before us. After exhaustive deliberation that was facilitated by extensive briefing and argument by the parties, amicus curiae, and Tennessee's scholastic community, we conclude that it is time to abandon the outmoded and unjust common law doctrine of contributory negligence and adopt in its place a system of comparative fault. Justice simply will not permit our continued adherence to a rule that, in the face of a judicial determination that others bear primary responsibility, nevertheless completely denies injured litigants recompense for their damages.

We recognize that this action could be taken by our General Assembly. However, legislative inaction has never prevented judicial abolition of obsolete common law doctrines, especially those, such as contributory negligence, conceived in the judicial womb. *See Hanover v. Ruch*, 809 S.W.2d 893, 896 (Tenn.1991) (citing cases). Indeed, our abstinence would sanction "a mutual state of inaction in which the court awaits action by the legislature and the legislature awaits guidance from the court," *Alvis v. Ribar*, 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886, 896 (1981), thereby prejudicing the equitable resolution of legal conflicts.

Nor do we today abandon our commitment to *stare decisis*. While "[c]onfidence in our courts is to a great extent dependent on the uniformity and consistency engendered by allegiance to *stare decisis*, ... mindless obedience to this precept can confound the truth and foster an attitude of contempt." *Hanover*, 809 S.W.2d at 898.

The "pure" and "modified" forms are discussed in Part III *infra*.

**4.** Six states have legislatively adopted pure comparative fault: Mississippi, Rhode Island, Washington, New York, Louisiana, and Arizona; Eight legislatures have enacted the modified "49 percent" rule (plaintiff may recover if plaintiff's negligence *is less than* defendant's): Georgia, Arkansas, Maine, Colorado, Idaho, North Dakota, Utah, and Kansas; Eighteen legislatures have enacted the modified "50 percent" rule (plaintiff may recover so long as plaintiff's negligence *is not greater than* defendant's): Wisconsin, Hawaii, Massachusetts, Minnesota, New Hampshire, Vermont, Oregon, Connecticut, Nevada, New Jersey, Oklahoma, Texas, Wyoming, Montana, Pennsylvania, Ohio, Indiana, and Delaware; Two legislatures have enacted statutes that allow a plaintiff to recover if plaintiff's negligence is slight when compared to defendant's gross negligence: Nebraska and South Dakota. *See* V. Schwartz, *supra*, at § 2.1.

Following is a list of statutes for those states who have codified their comparative fault systems, including the statutes of those states where comparative fault was initially adopted by judicial action:

*See* Alaska Stat. § 09.17.060 (Supp.1991); Ariz.Rev.Stat.Ann. § 12–2505(A) (Supp.1991); Ark.Stat.Ann. § 16–64–122 (Supp.1991); Colo. Rev.Stat. § 13–21–111 (1987); Conn.Gen.Stat. Ann. § 52–572h (1991); Del.Code Ann. tit. 10, § 8132 (Supp.1990); Fla.Stat.Ann. § 768.81 (West Supp.1992); Ga.Code Ann. § 105–603 (Harrison 1984); Haw.Rev.Stat. § 663–31 (1985); Idaho Code § 6–801 (1990); Ill.Ann. Stat. ch. 110, para. 2–1116 (Smith–Hurd Supp. 1991); Ind.Code Ann. § 34–4–33–3, 4 (West Supp.1991); Iowa Code Ann. § 668.3 (West 1987); Kan.Stat.Ann. § 60–258a (Supp.1991); La.Civ.Code Ann. art. 2323 (West Supp.1992); Me.Rev.Stat.Ann. tit. 14, § 156 (1980); Mass. Gen.Laws Ann. ch. 231 § 85 (West 1985); Minn. Stat.Ann. § 604.01(1) (West Supp.1992); Miss. Code Ann. § 11–7–15 (1972); Mont.Code Ann. § 27–1–702 (1991); Neb.Rev.Stat. § 25–21, 185.01 to .06 (Supp.1991); Nev.Rev.Stat. § 41.-141 (1991); N.H.Rev.Stat.Ann. § 507; 7–d (Supp.1991); N.J.Stat.Ann. § 2A: 15–5.1 (West 1987); N.Y.Civ.Prac.L. & R. 1411 (McKinney 1976); N.D.Cent.Code § 32–03.2–01 to –03 (Supp.1991); Ohio Rev.Code Ann. § 2315.19 (Anderson 1991); Okla.Stat.Ann. tit. 23, §§ 13, 14 (West 1987); Or.Rev.Stat. § 18.470 (1988); 42 Pa.Cons.Stat.Ann. § 7102 Purdon (1982 & Supp.1991); R.I.Gen.Laws § 9–20–4 (1985); S.D. Codified Laws Ann. § 20–9–2 (1987); Tex. Civ.Prac. & Rem.Code Ann. §§ 33.001, 33.012 (Vernon Supp.1992); Utah Code Ann. § 78–27–38 (1992); Vt.Stat.Ann. tit. 12, § 1036 (Supp. 1991); Wash.Rev.Code Ann. § 4.22.005 (1988); Wis.Stat.Ann. § 895.045 (West 1983); Wyo.Stat. § 1–1–109 (1988).

### III.

Two basic forms of comparative fault are utilized by 45 of our sister jurisdictions, these variants being commonly referred to as either "pure" or "modified." In the "pure" form [5], a plaintiff's damages are reduced in proportion to the percentage negligence attributed to him; for example, a plaintiff responsible for 90 percent of the negligence that caused his injuries nevertheless may recover 10 percent of his damages. In the "modified" form [6], plaintiffs recover as in pure jurisdictions, but only if the plaintiff's negligence either (1) does not exceed ("50 percent" jurisdictions) or (2) is less than ("49 percent" jurisdictions) the defendant's negligence. *See generally* V. Schwartz, *supra,* at §§ 3.2, 3.5.

Although we conclude that the all-or-nothing rule of contributory negligence must be replaced, we nevertheless decline to abandon totally our fault-based tort system. We do not agree that a party should necessarily be able to recover in tort even though he may be 80, 90, or 95 percent at fault. We therefore reject the pure form of comparative fault.

We recognize that modified comparative fault systems have been criticized as merely shifting the arbitrary contributory negligence bar to a new ground. *See, e.g., Li v. Yellow Cab Co.,* 13 Cal.3d 804, 532 P.2d 1226, 119 Cal.Rptr. 858 (1975). However, we feel the "49 percent rule" ameliorates the harshness of the common law rule while remaining compatible with a fault-based tort system. *Accord Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879, 887 (1979). We therefore hold that so long as a plaintiff's negligence remains less than the defendant's negligence the plaintiff may recover; in such a case, plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff.

In all trials where the issue of comparative fault is before a jury, the trial court shall instruct the jury on the effect of the jury's finding as to the percentage of negligence as between the plaintiff or plaintiffs and the defendant or defendants. *Accord* Colo.Rev.Stat. § 13–21–111.5(5) (1987). The attorneys for each party shall be allowed to argue how this instruction affects a plaintiff's ability to recover.

### IV.

Turning to the case at bar, the jury found that "the plaintiff and defendant [were] equally at fault." Because the jury, without the benefit of proper instructions by the trial court, made a gratuitous apportionment of fault, we find that their "equal" apportionment is not sufficiently trustworthy to form the basis of a final determination between these parties. Therefore, the case is remanded for a new trial in accordance with the dictates of this opinion.

### V.

We recognize that today's decision affects numerous legal principles surrounding tort litigation. For the most part, harmonizing these principles with comparative fault must await another day. However, we feel compelled to provide some guidance to the trial courts charged with implementing this new system.

First, and most obviously, the new rule makes the doctrines of remote contributory negligence and last clear chance obsolete. The circumstances formerly taken into account by those two doctrines will henceforth be addressed when assessing relative degrees of fault.

---

5. The 13 states utilizing pure comparative fault are Alaska, Arizona, California, Florida, Kentucky, Louisiana, Mississippi, Missouri, Michigan, New Mexico, New York, Rhode Island, and Washington. *See* V. Schwartz, *supra,* at § 2.1

6. The 21 states using the "50 percent" modified form: Connecticut, Delaware, Hawaii, Illinois, Indiana, Iowa, Massachusetts, Minnesota, Montana, Nevada, New Hampshire, New Jersey, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Texas, Vermont, Wisconsin, and Wyoming. The 9 states using the "49 percent" form: Arkansas, Colorado, Georgia, Idaho, Kansas, Maine, North Dakota, Utah, and West Virginia. Two states, Nebraska and South Dakota, use a slight-gross system of comparative fault. *See* V. Schwartz, *supra,* at § 2.1.

■ Second, in cases of multiple tort-feasors, plaintiff will be entitled to recover so long as plaintiff's fault is less than the combined fault of all tortfeasors.

■ Third, today's holding renders the doctrine of joint and several liability obsolete. Our adoption of comparative fault is due largely to considerations of fairness: the contributory negligence doctrine unjustly allowed the entire loss to be borne by a negligent plaintiff, notwithstanding that the plaintiff's fault was minor in comparison to defendant's. Having thus adopted a rule more closely linking liability and fault, it would be inconsistent to simultaneously retain a rule, joint and several liability, which may fortuitously impose a degree of liability that is out of all proportion to fault.[7]

■ Further, because a particular defendant will henceforth be liable only for the percentage of a plaintiff's damages occasioned by that defendant's negligence, situations where a defendant has paid more than his "share" of a judgment will no longer arise, and therefore the Uniform Contribution Among Tort-feasors Act, T.C.A. §§ 29–11–101 to 106 (1980), will no longer determine the apportionment of liability between codefendants.

■ Fourth, fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought. In cases where such a defense is raised, the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible. However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person. Thereafter, the additional party will be required to answer the amended complaint. The procedures shall be in accordance with the Tennessee Rules of Civil Procedure.

Fifth, until such time as the Tennessee Judicial Conference Committee on Civil Pattern Jury Instructions promulgates new standard jury instructions, we direct trial courts' attention to the suggested instructions and special verdict form set forth in the appendix to this opinion.

## VI.

■ The principles set forth today apply to (1) all cases tried or retried after the date of this opinion, and (2) all cases on appeal in which the comparative fault issue has been raised at an appropriate stage in the litigation.

## VII.

■ The remaining issue involves Plaintiff's assertion that the trial court impermissibly instructed the jury as to the presumption of intoxication established by T.C.A. § 55–10–408(b) (1988). We find no error.

Section 55–10–408(b) provides that:

Evidence that there was, at the time alleged, ten-hundredths of one percent (.10%), or more, by weight of alcohol in the defendant's blood, shall create a presumption that the defendant was under the influence of such intoxicant, and that his or her ability to drive was impaired thereby, sufficiently to constitute a violation of § 55–10–401 [the criminal statute prohibiting driving under the influence of an intoxicant].

The results of a properly conducted blood test indicating ten-hundredths of one percent or more in a person's blood thus creates a presumption which assists a lay jury in determining whether a person was under the influence of an intoxicant. If the evidence is not rebutted, a jury may then permissibly find that the person was under

---

7. Numerous other comparative fault jurisdictions have eliminated joint and several liability. *See, e.g.,* Alaska Stat. § 09.17.080(d) (Supp. 1991); Colo.Rev.Stat. § 13–21–111.5(1) (1987); Kan.Stat.Ann. § 60–258a(d) (Supp.1991); N.M.Stat.Ann. § 41–3A–1 (1989); N.D.Cent.Code § 32–03.2–02 (Supp.1991); Utah Code Ann. § 78–27–38, –40 (1992); Wyo.Stat.Ann. § 1–1–109(d) (1988).

the influence sufficiently to violate the criminal provisions regarding driving while intoxicated.

 In Tennessee, violation of a penal statute is negligence per se, and is admissible evidence in a civil action. *See Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn.1981). However, a jury may not base its verdict on this per se negligence unless it affirmatively appears that the statutory violation was a proximate cause of the injury for which recovery is sought. *See id.; Barr v. Charley*, 215 Tenn. 445, 387 S.W.2d 614, 617 (1964). A trial court does not err when, as here, it instructs the jury accordingly.

For the foregoing reasons, the judgment of the Court of Appeals is reversed in part and affirmed in part, and the case is remanded to the trial court for a new trial in accordance with the dictates of this opinion. The costs of this appeal are taxed equally to the parties.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.

## APPENDIX

The following instructions may be used in cases where the negligence of the plaintiff is at issue. These instructions are intended for two-party litigation. Appropriate modifications would be necessary for more complex litigation.

### Suggested Jury Instructions

[The following instructions should be preceded by instructions on negligence, proximate cause, damages, etc.]

1. If you find that defendant was not negligent or that defendant's negligence was not a proximate cause of plaintiff's injury, you will find for defendant.

2. If you find that defendant was negligent and that defendant's negligence was a proximate cause of plaintiff's injury, you must then determine whether plaintiff was also negligent and whether plaintiff's negligence was a proximate cause of his/her injury.

3. In this state, negligence on the part of a plaintiff has an impact on a plaintiff's right to recover damages. Accordingly, if you find that each party was negligent and that the negligence of each party was a proximate cause of plaintiff's damages, then you must determine the degree of such negligence, expressed as a percentage, attributable to each party.

4. If you find from all the evidence that the percentage of negligence attributable to plaintiff was equal to, or greater than, the percentage of negligence attributable to defendant, then you are instructed that plaintiff will not be entitled to recover any damages for his/her injuries. If, on the other hand, you determine from the evidence that the percentage of negligence attributable to plaintiff was less than the percentage of negligence attributable to defendant, then plaintiff will be entitled to recover that portion of his/her damages not caused by plaintiff's own negligence.

5. The court will provide you with a special verdict form that will assist you in your duties. This is the form on which you will record, if appropriate, the percentage of negligence assigned to each party and plaintiff's total damages. The court will then take your findings and either (1) enter judgment for defendant if you have found that defendant was not negligent or that plaintiff's own negligence accounted for 50 percent or more of the total negligence proximately causing his/her injuries or (2) enter judgment against defendant in accordance with defendant's percentage of negligence.

### SPECIAL VERDICT FORM

We, the jury, make the following answers to the questions submitted by the court:

1. Was the defendant negligent?
 Answer: _____ (Yes or No)
 (If your answer is "No," do not answer any further questions. Sign this form and return it to the court.)
2. Was the defendant's negligence a proximate cause of injury or damage to the plaintiff?
 Answer: _____ (Yes or No)

(If your answer is "No," do not answer any further questions. Sign this form and return it to the court.)

3. Did the plaintiff's own negligence account for 50 percent or more of the total negligence that proximately caused his/her injuries or damages?

Answer: \_\_\_\_ (Yes or No)

(If your answer is "Yes," do not answer any any further questions. Sign this form and return it to the court.)

4. What is the total amount of plaintiff's damages, determined without reference to the amount of plaintiff's negligence?

Amount in dollars: $\_\_\_\_

5. Using 100 percent as the total combined negligence which proximately caused the injuries or damages to the plaintiff, what are the percentages of such negligence to be allocated to the plaintiff and defendant?

Plaintiff\_\_\_\_%

Defendant\_\_\_\_%

(Total must equal 100%)

_____

Signature of Foreman

OPINION ON PETITION TO REHEAR

Plaintiff has filed a respectful and thoughtful Petition for Rehearing requesting argument on (1) the advisability of retaining joint and several liability in certain limited circumstances, and (2) the Opinion's treatment of nonparty tort-feasors. Because such further guidance should await an appropriate controversy, the petition is accordingly denied.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.