Michael Louis BERVOETS, and
Marie Bervoets, Plaintiffs,

v.

HARDE RALLS PONTIAC–OLDS, INC.,
Ja–Cor Company, Defendants.

and

Lee M. JACKSON, P.V. Jackson III, and
Cole F. Jackson, Defendants/Third–
Party Plaintiffs–Appellees,

v.

ADANAC, INC. d/b/a Cactus Jack's,
Third–Party Defendant/Appellant.

Supreme Court of Tennessee,
at Nashville.

Sept. 26, 1994.

Opinion Granting Rehearing Jan. 30, 1995.

W. Gary Blackburn, Blackburn & Slobey, P.C., Nashville, for defendants/third party plaintiffs-appellees.

Douglas Fisher, Howell & Fisher, Nashville, for third party defendant-appellant.

## OPINION

DROWOTA, Justice.

Adanac, Inc. (d/b/a Cactus Jack's) appeals from the holding of the Court of Appeals denying its motion to dismiss and requiring the contribution action brought against it by Safeco Insurance Company to be tried under the principles of the Uniform Contribution Among Tortfeasors Act (UCATA)—Tenn. Code Ann. § 29–11–101—29–11–106—instead of the principles of comparative fault as announced in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992). After carefully considering the arguments of the parties, we modify the decision of the Court of Appeals and hold that this contribution action shall be tried pursuant to the principles of comparative fault.

## FACTS AND PROCEDURAL HISTORY

The underlying lawsuit upon which this action for contribution is predicated arose on July 5, 1980 when Lee Jackson, after consuming alcoholic beverages at Cactus Jack's restaurant, wrecked his car in which Michael Bervoets was a passenger, causing Bervoets to suffer severe and permanent injuries. After the accident, Bervoets brought a negligence action against Jackson and his parents. Thereafter, the Jacksons and their insuror, Safeco, filed a third party complaint against Adanac, alleging that because Lee Jackson was a minor for the purpose of purchasing alcoholic beverages at the time of the accident, Adanac was guilty of negligence *per se* for serving the alcoholic beverages to him, and that this negligence proximately caused the plaintiff Bervoets' injuries.

On May 11, 1983, Jackson and Safeco entered into a settlement with Bervoets in the amount of $1,250,000; this settlement served to release all Bervoets' claims against all defendants. Safeco then pursued its third party complaint in contribution under the UCATA against Adanac. The first trial in the matter resulted in a verdict for Adanac; this verdict was, however, set aside by the trial court. The second trial resulted in a verdict for Safeco; but this judgment was reversed by the Court of Appeals because of the trial court's erroneous "dynamite charge" and misconduct on the part of one of the jurors.

After the matter had been continued several times, this Court released its decision in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992) on May 4, 1992. Thereafter Safeco filed an amended third party complaint, alleging that Adanac was liable to it on theories of contribution and common law indemnity. Adanac filed a motion to dismiss the complaint; and the trial court granted the motion as to the common law indemnity claim but denied it as to the contribution claim.

Adanac appealed from the trial court's decision pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The Court of Appeals affirmed the judgment of the trial court, denying the motion to dismiss and holding that the contribution claim was to be determined with reference to the principles of the Uniform Contribution Among Tortfeasors Act despite our decision in *McIntyre*. We granted Adanac's Rule 11 application in order to clarify this situation.

## ANALYSIS

Adanac's basic argument is that because this Court abolished the doctrine of joint and several liability in *McIntyre*, and because contribution can be had under the UCATA only if the parties are jointly and severally liable for a judgment,[1] the Court effectively abolished the remedy of contribution in Tennessee. Moreover, Adanac points out that we unequivocally stated in *McIntyre* that the principles of comparative fault adopted in

---

1. Tenn.Code Ann. § 29–11–102 (1980).

that case are to apply to "all cases tried or retried after the date of this opinion."[2] Therefore, Adanac concludes, Safeco cannot now maintain an action against it for contribution, and the third party complaint, which has been pending for several years, is without foundation and should be dismissed.

We must reject this sweeping argument because it extends our *McIntyre* decision beyond its permissible and intended bounds. Although we stated in *McIntyre* that "today's holding renders the doctrine of joint and several liability obsolete,"[3] and thus did abolish the doctrine of joint and several liability to the extent that it allows a plaintiff to sue and obtain a full recovery against any one or more of several parties against whom liability could be established, it does not follow that we abolished the remedy of contribution. In fact we did not, and could not, completely abolish the remedy of contribution in *McIntyre* because that remedy was granted to the parties by the legislature. Moreover, our statements in *McIntyre* with regard to the effect of our adoption of a scheme of comparative fault on the remedy of contribution make it clear that we did not intend to deprive litigants of the right to pursue a claim for contribution in an appropriate case:

> [B]ecause a particular defendant will henceforth be liable only for the percentage of a plaintiff's damages occasioned by that defendant's negligence, situations where a defendant has paid more than his "share" of a judgment will no longer arise, and therefore the Uniform Contribution Among Tortfeasors Act, T.C.A. § 29–11–101—106 (1980) *will no longer determine the apportionment of liability between codefendants.*

833 S.W.2d at 58 (emphasis added).

Although we certainly did not intend in *McIntyre* to totally abolish the remedy of contribution, it is obvious from the above-quoted passage that we did intend that the "pro rata share of damages" approach of the UCATA,[4] which provides that the fault of the parties is not to be considered in determining each party's share of damages, should not continue to be utilized after the *McIntyre* decision was released. Because we intended to adopt a comprehensive scheme of comparative fault in *McIntyre,* and because the "pro rata share" approach set forth in the UCATA is in direct conflict with such a scheme, we felt it necessary to explicitly provide such guidance to the trial courts charged with the duty of trying tort cases in this state.

Although Safeco readily admits that the "pro rata share" approach to contribution is inconsistent with the principles of comparative fault, it contends that our substantial dictum regarding contribution in *McIntyre* should not apply to the retrial in this case for two basic reasons. First, Safeco contends that it had an expectation that it would be able to pursue a UCATA-type contribution claim against A.lanac at the time it entered into the settlement agreement, that this expectation constituted an accrued or vested right, and that it is therefore impermissible to retroactively apply the principles of *McIntyre* so as to deprive it of that vested right. We are not convinced, however, that the retroactive application of *McIntyre* in fact serves to *deprive* Safeco of any "right," vested or otherwise. In fact, it is entirely possible that Safeco could actually obtain a better result under the principles of comparative fault than it could under the UCATA approach. Nor do we find persuasive Safeco's second argument—that our holding in *McIntyre,* while not totally abolishing the remedy of contribution, nevertheless constitutes an impermissible nullification of constitutionally valid legislation because it changed the method by which contribution is determined. Other jurisdictions that have both the UCA-

---

2. *McIntyre,* 833 S.W.2d at 58.

3. *McIntyre,* 833 S.W.2d at 58.

4. Tenn.Code Ann. § 29–11–103(1) (1980). Under the "pro rata share" approach, damages are apportioned on the basis of the number of defen-

dants against whom liability has been established. For example, if two defendants are found to be liable, each is responsible for 50% of the damages; if three are found to be liable, each is responsible for 33.33%; and so on.

TA and comparative fault schemes have interpreted the UCATA to require contribution to be made on the basis of the relative fault of the parties. *See Bartels v. City of Williston,* 276 N.W.2d 113, 121 (N.D.1979); *Kennedy and Cohen, Inc. v. Van Eyck,* 347 So.2d 1085 (Fla.Ct.App.1977); *Graber v. Westaway,* 809 P.2d 1126 (Colo.App.1991).

■ Therefore, we today reaffirm *McIntyre* and hold that actions for contribution that are to be tried or retried after May 4, 1992, are to be tried in accordance with the principles of comparative fault. Because this case unquestionably fits in this category, on retrial the jury will determine the percentage of fault attributable to each of the defendants, and contribution will be ordered accordingly.

The judgment of the Court of Appeals is modified and the case remanded for proceedings consistent with this opinion.

O'BRIEN, C.J., and REID, ANDERSON and BIRCH, JJ., concur.

## OPINION ON PETITION TO REHEAR

Both parties in this case have filed petitions for rehearing. Because this case marks the first time we have addressed the relationship between the Uniform Contribution Among Tortfeasors Act and our system of comparative fault, several procedural issues have arisen for which there is no guidance either in the Act or in our decisions dealing with comparative fault. Therefore, we grant the parties' petitions to rehear in order to provide this necessary guidance.

The petitions present three issues for our determination: (1) whether on retrial the jury may consider the fault of the plaintiff; (2) whether on retrial the jury may consider awarding punitive damages; and (3) since Tenn.Code Ann. § 29–11–102(d) provides that a settling tortfeasor may not recover contribution from another tortfeasor for any amount of the settlement "in excess of what was reasonable," whether the jury should be told the amount of the settlement and asked to determine its reasonableness, or whether the jury should be asked to determine damages anew.

■ We are of the opinion that on the retrial of this case the jury should first be informed of the amount of the settlement, and then asked to determine if that settlement was reasonable according to the principles of comparative fault. The jury may consider the fault of the plaintiff Bervoets and the defendants Jackson (Safeco Insurance Company) and Adanac Inc. in making this determination. If the jury finds that the settlement amount was reasonable, it shall proceed to determine the percentage of fault attributable to each of the defendants, and contribution will be ordered accordingly. If however, the jury finds that the settlement was, according to the principles of comparative fault, "in excess of what was reasonable," this same jury will then determine the proper amount of damages; and the jury may consider the fault of plaintiff and the two defendants in making this determination. Once the jury has determined the proper amount of damages, it shall then determine the fault attributable to each of the defendants. If the jury finds that the third-party defendant was at fault, contribution shall be ordered from that defendant commensurate with its percentage of fault.

■ The jury may not consider punitive damages in either scenario. This action is for contribution; therefore, the defendant Jackson (Safeco) is essentially attempting to recover the amount paid by him in excess of his proportional share of liability. *See* Tenn. Code Ann. § 29–11–102(b). Thus, once the jury finds how much of the settlement amount (if any) exceeds Jackson's proportional share of liability, his recovery is limited to that amount, as it is settled that a contribution plaintiff may only recover punitive damages from other tortfeasors if he has been held liable for punitive damages. *See Dykes v. Raymark Industries,* 801 F.2d 810, 813–14 (6th Cir.1986) (contribution plaintiff may recover from other tort-feasors punitive damages for which he has been held liable if

the contribution plaintiff has not engaged in intentional conduct).

This case in remanded to the trial court for retrial in accordance with this opinion.

ANDERSON, C.J., and REID, O'BRIEN and BIRCH, JJ., concur.