IN THE SUPREME COURT OF TENNESSEE

AT  NASHVILLE

| | | |
|---|---|---|
| JOSEPH CARL OWENS, | ) | <u>FOR PUBLICATION</u> |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | Davidson Circuit |
| | ) | |
| TRUCKSTOPS OF AMERICA, | ) | Hon. Marietta M. Shipley, |
| TRUCKSTOPS OF AMERICA, INC., | ) | Judge |
| and B.P. AMERICA, INC., | ) | |
| | ) | |
| Defendants/ | ) | |
| Third-Party Plaintiffs/Appellees, | ) | |
| | ) | No.  01S01-9408-CV-00077 |
| v. | ) | |
| | ) | |
| B. MICHAEL DESIGN, INC. and | ) | |
| VITRO PRODUCTS, INC., | ) | |
| | ) | |
| Third-Party Defendants/ | ) | |
| Appellees. | ) | |

FILED

**January 29, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

# DISSENTING (IN PART) OPINION

DROWOTA, J.

Based on the plaintiff's expectations at the time he filed this lawsuit in 1988,

I agree with the majority that, in this transition case, it is reasonable to permit the plaintiff to recover from the defendants that he named in his complaint ("Truckstops") all of his damages that were proximately caused by Truckstops and that were not attributable to the plaintiff's own fault (if any). I also agree with the majority that it is fair in this transition case to permit Truckstops to receive contribution from the parties that were named by Truckstops as third-party defendants. However, I believe that the contribution should be based on the parties' respective percentages of fault, and that this method should apply not only to the negligence claims set forth in the third-party complaint, but to the strict products liability claim as well. If liability were thus linked to fault on each claim in the third-party complaint, each defendant (including the third-party defendants) would be liable only for the percentage of the plaintiff's damages that was caused by that defendant's fault, and the doctrine of joint and several liability would have no application.

First of all, this Court has repeatedly disapproved of the doctrine of joint and several liability in a general sense. In McIntyre v. Balentine we stated, in dicta, that joint and several liability was rendered obsolete by the adoption of comparative negligence. We confirmed the obsolescence of the doctrine of joint and several liability in Volz v. Ledes, 895 S.W.2d 677 (Tenn. 1995), in which we stated as follows:

> We again confirm that the doctrine of joint and several liability was rendered obsolete by our decision in McIntyre v. Balentine. We believe that a system wherein a particular defendant is liable only for the percentage of a plaintiff's damages that are caused by that defendant's fault is the system that best achieves our stated goal in McIntyre v. Balentine of linking liability and fault. In keeping with this goal, we decline to adopt a rule comparable to the rule under the Uniform Comparative Fault Act pursuant to which the liability of a given defendant is enhanced beyond that defendant's percentage of fault if

2

another culpable defendant is insolvent. We do not believe that the goal of linking liability with fault is furthered by a rule that allows a particular defendant's liability to be determined by the happenstance of the financial wherewithal of other defendants.

895 S.W.2d at 680 (emphasis added).

In addition to our general disapproval of joint and several liability, we have recently decided two cases, Bervoets v. Harde Ralls Pontiac-Olds, Inc., 891 S.W.2d 905 (Tenn. 1994) and Whitehead v. Toyota Motor Company, 897 S.W.2d 684 (Tenn. 1995), which, when considered in tandem, appear to me to require a different result from that reached by the majority. In Bervoets, one of several defendants settled with the plaintiff, who had been injured in an automobile accident. The settlement had the effect of releasing the defendant who was actually a party to the settlement, as well as all other defendants. The issue presented was whether the remedy of contribution survived our McIntyre decision. In holding that it did, we stated as follows:

> Therefore, we today reaffirm McIntyre and hold that actions for contribution that are to be tried or retried after May 4, 1992, are to be tried in accordance with the principles of comparative fault. Because this case unquestionably fits in this category, on retrial the jury will determine the percentage of fault attributable to each of the defendants, and contribution will be ordered accordingly.
>
> . . .
>
> We are of the opinion that on the retrial of this case the jury should first be informed of the amount of the settlement, and then asked to determine if that settlement was reasonable according to the principles of comparative fault. The jury may consider the fault of the plaintiff Bervoets and the defendants Jackson (Safeco Insurance Company) and Adanac, Inc. in making this determination. If the jury finds that the settlement was reasonable, it shall proceed to determine the percentage of fault attributable to each of the defendants, and contribution will be ordered accordingly. If however, the jury finds that the settlement was, according to the principles of comparative fault, ' in excess of what was reasonable,' this same jury will then determine

3

the proper amount of damages; and the jury may consider the fault of plaintiff and the two defendants in making this determination. <u>Once the jury has determined the proper amount of damages, it shall then determine the fault attributable to each of the defendants. If the jury finds that the third-party defendant was at fault, contribution shall be ordered from that defendant commensurate with its percentage of fault</u>.

891 S.W.2d at 908(emphasis added).

If and when the plaintiff in this case obtains a judgment against Truckstops, this case will be in a posture exactly analogous to the situation that existed in <u>Bervoets</u> -- in other words, the plaintiff would be entitled to collect a given dollar amount from one defendant, and would be precluded from directly collecting anything from other would-be defendants. Contribution could then be determined according to the method set forth in <u>Bervoets</u>.

The majority in this case has followed <u>Bervoets</u> with respect to the negligence claims in the third-party complaint. However, it refuses to extend the <u>Bervoets</u> rationale to the strict products liability claim, arguing that the theory of strict products liability law necessarily requires the retention of joint and several liability, and thus precludes any apportionment on the basis of fault. In my view, this Court's decision in <u>Whitehead</u>, <u>supra</u>, defeats this argument. In that case, in which this Court was answering questions that had been certified to us pursuant to Rule 23 of the Rules of the Supreme Court, we stated as follows:

In light of the foregoing discussion, our answer to the first question certified to us is that comparative fault principles do apply in products liability actions based on strict liability in tort.

<u>The conduct that leads to strict products liability involves fault, as the word 'fault' is commonly understood</u>. . . . In keeping with the principle

4

of linking liability with fault, a plaintiff's ability to recover in a strict products liability case should not be unaffected by the extent to which his injuries result from his own fault."

897 S.W.2d at 693(emphasis added)(citation omitted).

Inasmuch as we have previously determined that contribution among defendants should be ordered based on the defendants' respective percentages of fault, and that the conduct that leads to strict products liability is based on fault,[1] the exception made by the majority for strict products liability claims represents, in my view, a departure from our prior decisions. Because I do not believe that such a departure promotes the considerations of fairness that prompted our adoption of comparative fault, and because there is no reason to confuse the law by resurrecting joint and several liability, I respectfully dissent.

---

[1] Contrary to the assertion made in footnote 14 of the majority opinion, determining the liability of each defendant according to that defendant's "separate fault" would not require the plaintiff to prove "negligence" on the part of each defendant, thus "abolishing strict liability." Rather, the plaintiff would, as always, only be required to prove that a defective or unreasonably dangerous product was placed in the stream of commerce, and that he or she was injured thereby. In fact, we have already recognized this in Whitehead, where we stated: "plaintiffs will continue to be relieved of proving that the manufacturer or distributor was negligent in the production, design, or dissemination of the article in question. Defendant's liability for injuries caused by a defective product remains strict." Whitehead, 897 S.W.2d 684, 691 (Tenn. 1995). If the plaintiff is able to carry this burden, the jury would then apportion "fault" -- as that term is defined in Whitehead -- between the various defendants, and each defendant's liability would be determined according to that percentage. The majority's insistence that such a system would "abolish strict liability" stems from its overly-expansive definition of that theory of liability. Strict products liability only means that a plaintiff does not have to prove the traditional elements of negligence on the part of the defendant or defendants in order to recover; it does not necessarily require any particular system of damage allocation, such as joint and several liability or comparative fault. Because the majority appears to confuse burden of proof considerations with damage allocation issues, I believe the majority erroneously concludes that the usage of comparative fault in strict liability actions with multiple defendants "abolishes" strict products liability.

5

_____
FRANK F. DROWOTA III
JUSTICE

6