IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION AT KNOXVILLE

FILED

May 30, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

ESTER V. HAYES and )
CALVIN HAYES, ) HAMILTON CIRCUIT
 )
Plaintiffs/Appellees ) NO. 03A01-9602-CV-00054
 )
v. )
 )
EUGENE P. GILY and GEOLOGIC )
AND ENVIRONMENTAL SERVICES, )
INC., )
 )
Defendants/Appellants ) REVERSED and REMANDED

Paul Campbell, Jr., Chattanooga, for the Appellees.

John R. Morgan, Chattanooga, for the Appellants.

_____ O P I N I O N

INMAN, Senior Judge

This personal injury action arose from an accident which occurred on
Interstate 75 near Ooltewah on April 19, 1993.

The defendant Gily was driving a pick-up truck owned by his employer
northwardly on Interstate 75 en route to Knoxville. Loaded in the bed of the truck
were two Rubbermaid 35-gallon containers, each about three feet high with wheels
on the base, and with a lid in place. According to the testimony of Gily, the
containers were secured by ropes. He checked the position of the containers
periodically in his rear view mirror, and all was well until he crossed the bridge at the
Lee Highway-Collegedale exit when he discovered that the containers were no
longer in his truck.

In the meantime, the plaintiff Mrs. Hayes was driving a Mercedes automobile
southwardly on the left or fast lane of the Interstate, following a truck with tool boxes
on either side. The separating distance is unclear, but she testified that she could

not see around the truck which she followed in the fast lane for about three miles. The truck suddenly swerved to the right lane without signaling - to avoid a Mazda which was stopped or barely moving - and Hayes struck the Mazda. It was then that she saw a container lid "fly up" in front of her car, and she was then struck from the rear by an automobile driven by Phillips.

It was not disputed that the containers somehow became loosened in Gily's truck and were propelled into traffic.

The plaintiff alleged various acts of common law and statutory negligence on the part of Gily and his employer, and alleged that the defendant Phillips was negligent in failing to keep a proper lookout in the direction he was driving, and failing to keep his car under control.

All parties moved for directed verdicts. The trial judge directed a verdict for the plaintiff and against the defendants Gily and his employer, whose motion for a new trial being overruled, appeal and present for review various issues, one of which we believe is dispositive, that being the requirement that the jury fasten 100 percent of the fault upon Gily and his employer.

This case is one of comparative fault within the ambit of *McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn. 1992). The trial judge was of the opinion that the plaintiff was confronted with a sudden emergency and thus free of any degree of negligence.

In *McCall v. Wilder, et al,* 913 S.W.2d 150 (Tenn. 1995) the Supreme Court held that the sudden emergency doctrine had been subsumed into the comparative fault scheme although definitively retaining its traditional meaning, citing *Eaton v. McLain,* 891 S.W.2d 587 (Tenn. 1993). Under the evidence presented we think the jury could rationally have found that the plaintiff Hayes was traveling too closely behind the truck, thus obscuring her vision and disabling her from taking evasive action to avoid the Mazda, conformably to the action of the truck driver, thereby allocating some degree of fault to the plaintiff. In a similar vein, the jury might rationally have considered whether the truck driver who shifted lanes suddenly without signaling his intention to do so should share in the fault, and whether the non-suited defendant Phillips (1) was keeping a proper lookout, (2) was in control of

2

his vehicle, and (3) whether he took reasonable measures to avoid running into the rear of the Hayes automobile.

In our judgment it was error for the trial judge to direct a verdict fastening 100 percent of the liability upon the defendants thereby taking from the jury its consideration of allocating percentages of negligence, if the jury chose to do so.

The defendants moved for directed verdicts also, on the theory that the proof did not reveal they were guilty of negligence in the manner in which the containers were secured. We agree with the action of the trial judge in overruling this motion; and hold that, upon retrial, in the event the plaintiffs prevail, the comparative negligence of the defendants should also be allocated by the jury.

Reversed and remanded for a new trial, with costs to the appellees.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Don T. McMurray, Judge


**IN THE COURT OF APPEALS OF TENNESSEE**

3

**EASTERN SECTION AT KNOXVILLE**


ESTER V. HAYES and )
CALVIN HAYES, )        HAMILTON CIRCUIT
                                        )
       Plaintiffs/Appellees )        NO.  03A01-9602-CV-00054
                                        )
v. )
                                        )
EUGENE P. GILY and GEOLOGIC )
AND ENVIRONMENTAL SERVICES, )
INC., )
                                        )
       Defendants/Appellants )        REVERSED and REMANDED


## J U D G M E N T


This appeal came on to be heard upon the record from the Circuit Court of Hamilton County and briefs filed on behalf of the respective parties.  Upon consideration thereof, this court is of the opinion that there is reversible error in the trial court's judgment.

It is therefore ORDERED and ADJUDGED by this Court that the judgment of the trial court is reversed.  Costs are assessed to the appellee and its surety.  The case is remanded to the Circuit Court of Hamilton County for further proceedings in accordance with the opinion of this Court and for collection of costs pursuant to applicable law.


PER CURIAM