**IN THE SUPREME COURT OF TENNESSEE**
**AT NASHVILLE**

FILED

June 8, 1998

Cecil W. Crowson
Appellate Court Clerk

FOR PUBLICATION

Filed:   June 8, 1998

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | ) | United States District Court |
| | ) | Western District of Tennessee |
| PLAINTIFF/RESPONDENT, | ) | Eastern Division |
| | ) | No. 1-96-1172 |
| v. | ) | |
| | ) | Hon. James D. Todd |
| PROCESS CONTROL COMPANY, | ) | United States District Judge |
| | ) | |
| DEFENDANT/PETITIONER. | ) | No. 01S01-9707-FD-00148 |

FOR PLAINTIFF-RESPONDENT:

J. Randolph Bibb, Jr.
Nashville

Thomas G. Cooper
Boston, Massachusetts

FOR DEFENDANT-PETITIONER:

Clinton V. Butler, Jr.
Jerry D. Kizer, Jr.
Dale Conder, Jr.
Jackson

HOLDER, J.

## OPINION

This case comes to us on a certified question of law. The plaintiff, General Electric Company ("G.E."), filed this action for contribution against Process Control Company ("Process Control"). Process Control filed a motion to dismiss and/or motion for summary judgment arguing that Tennessee law does not permit a right of contribution in this case. The district court entered an order requesting this Court to address the following certified question of law:

> In actions that accrue after the decision in <u>McIntyre v. Balentine</u>, under what circumstances is a claim for contribution appropriate under Tennessee Law?

We accepted certification of the question. We hold that under the facts as certified an action for contribution may be viable.

## BACKGROUND

Douglas Huskey, a Wisconsin resident, was employed by A.O. Smith Corporation ("A.O. Smith") as an electrical engineer. In January of 1994, Huskey was calibrating meters on a switchboard at A.O. Smith's facility in Milan, Tennessee. The switchboard was manufactured by the plaintiff, G.E. An electrical arcing occurred on the switchboard while Huskey was calibrating meters on the switchboard. The electrical arcing caused severe burns and other injuries to Huskey. The defendant, Process Control, allegedly made negligent modifications to the switchboard prior to Huskey's accident.

Huskey and his wife filed a products liability claim against G.E. in Wisconsin. Their claims were predicated upon theories of negligence and strict

2

liability. G.E.'s counsel was of the opinion that Process Control would not be subject to personal jurisdiction in the Wisconsin state court action. G.E., therefore, did not attempt to join Process Control as a party. G.E. argued during trial, however, that Process Control made negligent modifications to the switchboard which caused Huskey's injuries.

The case was decided by a jury under Wisconsin law. The jury rejected the strict liability claim but returned a verdict in favor of Huskey on a theory of a negligence. Fault was apportioned by the jury as follows: 25 percent to Huskey, 32 percent to G.E. and 43 percent to A.O. Smith. The jury was not asked to assess fault against Process Control. G.E. satisfied the Wisconsin judgment by paying the Huskeys approximately 2.6 million dollars.

G.E. subsequently filed the present contribution suit against Process Control, a Tennessee corporation, in the United States District Court for the Western District of Tennessee. G.E. seeks contribution from Process Control for that portion of Huskey's damages attributable to Process Control under Tennessee principles of comparative fault. G.E. alleges that Huskey's injuries were caused in substantial part by a negligent modification of the switchboard performed by Process Control's employees.

Process Control filed a motion to dismiss and argued that Tennessee no longer recognizes contribution as a viable cause of action. G.E. responds that Tennessee does permit a contribution claim "in an appropriate case." G.E. argues that this is an "appropriate case" and seeks to have fault assessed in accordance with the principles set forth in McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992).

3

**ANALYSIS**

McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), did not "completely abolish the remedy of contribution." Bervoets v. Harde Ralls Pontiac-Olds, Inc., 891 S.W.2d 905, 907 (Tenn. 1994). Contribution may still be viable in the following limited circumstances:

1. cases in which prior to McIntyre the cause of action arose, the suit was filed and the parties had made irrevocable litigation decisions based on pre-McIntyre law, see Owens v. Truckstops of America, 915 S.W.2d 420 (Tenn. 1996); Bervoets v. Harde Ralls Pontiac-Olds, Inc., 891 S.W.2d 905 (Tenn. 1994);

2. cases in which joint and several liability continues to apply under doctrines such as the family purpose doctrine, cases in which torfeasors act in concert or collectively with one another, cases in which the doctrine of respondeat superior permits vicarious liability due to an agency-type relationship, or in the "appropriate" products liability case, see Resolution Trust Corp. v. Block, 924 S.W.2d 354 (Tenn. 1996); Camper v. Minor, 915 S.W.2d 437 (Tenn. 1996); Owens v. Truckstops of Amer., 915 S.W.2d 420 (Tenn. 1996), or

3. in the "appropriate case" in which "fairness demands," see Owens, 915 S.W.2d at 430 (allowing contribution when "fairness demands"); Bervoets, 891 S.W.2d at 907 (recognizing contribution in the "appropriate case").

4

The third circumstance, however, is not a broad "catch-all" provision that defeats the fundamental concepts of our comparative fault law. The circumstance under which "fairness demands" should be applicable only when failure to allow contribution would impose an injustice.

The case now before us was brought by the Huskeys and litigated in Wisconsin. Pursuant to Wisconsin law in effect at the time of the Huskeys' suit, contributory negligence did not bar a plaintiff's recovery unless a plaintiff's negligence was greater than that of the defendant. Wis. Stat. § 895.045 (1994). Under Wisconsin Law, a plaintiff's negligence was compared to each defendant's negligence separately, and the primary liability of the defendants was joint and several. See Wisconsin Natural Gas Co. v. Ford, Bacon & Davis Constr. Corp., 291 N.W.2d 825 (Wis. 1980). Contribution among defendants, however, was based on comparative negligence principles. See Brandner v. Allstate Ins. Co., 512 N.W.2d 753 (Wis. 1994).

Process Control was apparently not subject to personal jurisdiction in the Huskeys' Wisconsin suit. The Wisconsin jury assessed fault against the defendants pursuant to Wisconsin's law of comparative fault. Process Control was not a party before the Wisconsin jury and, therefore, did not have fault assessed against it. We decline to speculate whether G.E. should or could have removed the Huskeys' personal injury suit to a Wisconsin federal court and then attempt to have the case transferred to a federal court in Tennessee. We believe that fairness demands an action for contribution based upon the following factors: (1) the Huskeys' claim was litigated pursuant to Wisconsin law; (2) Process Control may have been a tortfeasor contributing to Huskey's injuries but was not subject to personal jurisdiction in the Huskeys' suit; and (3)

5

G.E. was jointly and severally liable under Wisconsin law to the Huskeys for any damages or fault assigned by the jury to other tortfeasors.

## CONCLUSION

Based on the limited facts certified to this Court, we hold that a suit for contribution may be permissible in this case. The clerk will transmit a copy of this opinion in accordance with Tenn. R. Sup. Ct., Rule 23(8). The costs in this court will be taxed to the defendant.

_____
JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Drowota and Birch, J.J.

Reid, J., Not Participating