January 29, 1996
<u>FOR PUBLICATION</u>

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE


JOSIE GRAY, ADMINISTRATRIX OF (
THE ESTATE OF PEGGY M. BUSH, ( No. 01S01-9505-FD-00066
DECEASED, (
( On Certified Question from
    Plaintiff-Appellant, ( Sixth Circuit Court of Appeals
(
( No. 94-5115
v. (
(
(
(
FORD MOTOR COMPANY, (
(
    Defendant, (
(
(
SPRINGFIELD SURGERY, P.C. AND (
SARBJEET S. KUMAR, (
(
    Defendants-Appellees. (

**FILED**

**January 29, 1996**

**Cecil Crowson, Jr.**
Appellate Court Clerk


<u>For Plaintiff-Appellant</u>:

Stephen L. Swann
Arlington, VA


<u>AMICUS CURIAE</u>:

E. Blake Moore
John B. Bennett
Spears, Moore, Rebman &
   Williams
Chattanooga

<u>For Defendants-Appellees</u>:

Ward DeWitt, Jr.
Mary Ellen Morris
Trabue, Sturdivant & DeWitt
Nashville

# O P I N I O N

REID, J.

Pursuant to Rule 23, Rules of the Tennessee Supreme Court, the Court has accepted for decision the following question of law certified by the Sixth Circuit Court of Appeals:

> Whether principles of comparative fault should apply in Tennessee medical malpractice actions so as to result in the apportionment of damages between the estate of a decedent who acted negligently in causing an initial injury and a physician who negligently treated the decedent for that injury.

The decision in this case is controlled by <u>Volz v. Ledes</u>, 895 S.W.2d 677 (Tenn. 1995). In accordance with that opinion, the certified question is answered affirmatively.

I

Josie Gray, administratrix of the estate of her mother, Peggy M. Bush, sued Ford Motor Company, Springfield Surgery, P.C., and Dr. Sarbjeet S. Kumar in an action for the decedent's wrongful death. The complaint, which was filed on February 20, 1992, alleges an action for strict liability against Ford and an action in negligence against Springfield Surgery and Kumar under the Tennessee Medical Malpractice Act, Tenn. Code Ann. § 29-26-115 (1980). The case was tried before a jury beginning on August 30, 1993.

For purposes of this opinion, the essential facts are as presented in the Sixth Circuit's order certifying the question to this Court. In the morning of February 6, 1991, Bush crashed her Ford Tempo into a utility pole in Springfield, Tennessee, while driving approximately 30 miles per hour. Bush was wearing her seatbelt but apparently did not apply her brakes before hitting the pole. She was taken by ambulance to a hospital located only a few blocks from the accident scene. At the hospital, Bush claimed that the crash was caused by a coughing and sneezing fit; however, an emergency room physician treating Bush detected the odor of alcohol on her breath.

Bush complained of difficulty in breathing and her vital signs indicated severe distress. At the request of the physician in charge of the emergency room, Kumar, who had treated Bush in December of 1990 for an enlarged spleen, examined Bush and evaluated her condition. During that evaluation, her condition appeared to improve, and, Kumar, determining that his services were no longer required, left the emergency room to attend to other duties. However, immediately after Kumar's departure, Bush's blood pressure dropped to a dangerously low level and her condition became critical. Nevertheless, approximately one hour elapsed before Kumar performed surgery to remove the patient's

enlarged spleen, which had ruptured during the accident. Kumar's treatment was not successful, and Bush died, "officially" from a "ruptured spleen" due to an "auto accident."

The complaint alleges that the decedent's death was proximately caused by a defective and unreasonably dangerous passenger restraint system in the vehicle manufactured by Ford and by the negligence of Kumar in the treatment of the decedent for the injury sustained in the accident. Over the plaintiff's objections, the district court judge instructed the jury that it should apportion liability based on the principles of comparative fault.

Following its deliberations, the jury reported that Ford was without fault. The jury specifically found, however, that "Dr. Kumar acted with less than, or failed to act with, ordinary and reasonable care in accordance with the standard of acceptable professional practice for a general surgeon practicing in Springfield, Tennessee, or a similar community in February, 1991," and that "Dr. Kumar's negligent act or omission proximately cause[d] Mrs. Bush to suffer injuries that would not otherwise have occurred." The jury also found that "Mrs. Bush was negligent in her operation of her 1986 Ford Tempo" and that "this negligence [was] a

proximate cause of Mrs. Bush's injuries."

The jury attributed 55 percent of the total fault to Kumar and his surgical group and the other 45 percent to the decedent. The jury found that the total amount of damages was $75,000, and, in accordance with the jury's allocation of fault, the district court rendered judgment against Kumar and Springfield Surgery in the amount of $41,250.

The plaintiff appealed to the Sixth Circuit Court of Appeals, contending that principles of comparative fault should not have been applied in this case. The plaintiff, appellant, specifically contends that her negligence in causing the accident should not have been considered in determining the award of damages. The discharge of Ford from liability is not an issue in this review.

II

On May 4, 1992, prior to the trial of this case, this Court released the opinion in <u>McIntyre v. Balentine</u>, 833 S.W.2d 52 (Tenn. 1992), thereby adopting the doctrine of comparative fault. The Court held that "so long as a plaintiff's negligence remains less than the defendant's

negligence the plaintiff may recover; in such a case, plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff." Id. at 57. The Court also held that the principles of comparative fault would be applied in all cases tried after the release of McIntyre. Id. at 58.

In Volz v. Ledes, 895 S.W.2d 677 (Tenn. 1995), this Court approved the application of comparative fault principles to a medical malpractice case. In Volz v. Ledes, the patient died of testicular cancer. The jury attributed 10 percent of the fault to Volz himself; 45 percent to the out-of-state, non-party physician who first treated Volz; and 45 percent to Ledes, who failed to treat Volz until the cancer had become inoperable. Id.

The Court disagreed with the conclusion of the intermediate appellate court that the plaintiffs' cause of action was for "loss of chance." The Court held:

> In Kilpatrick v. Bryant, 868 S.W.2d 594
> (Tenn. 1993), this Court declined "to
> relax traditional cause in fact
> requirements and recognize a new cause
> of action for loss of chance." The
> Court of Appeals was in error to remand
> for a retrial upon a "loss of chance"
> cause of action. Further, upon careful
> review of the record, we find that the
> plaintiffs' wrongful death action was

> the proper legal vehicle under which
> their cause should have been initiated,
> tried, and decided.

Id. at 679.

In reference to the jury verdict, the Court

stated:

> The jury found that the negligence
> of Dr. Ledes was a contributing
> proximate cause of the death of Robert
> Volz, along with the negligence of the
> non-party Houston physician and the
> negligence of Volz himself.  Under the
> comparative fault system adopted by
> Tennessee in McIntyre, a plaintiff may
> recover from multiple tortfeasors as
> long as the plaintiff's fault is less
> than that of the combined tortfeasors.
> Upon the jury's findings and, upon the
> trial judge's proper charge, the correct
> system of apportionment was employed in
> accordance with the guidelines set out
> by this Court in McIntyre.

Id. at 680.  Thus, applying the principles of comparative

fault to a medical malpractice action, a physician is liable

only for that portion of the plaintiff's damages that were

proximately caused by the physician's negligence.

The Court declines the invitation to reverse the

decision in Volz v. Ledes, which, in the Court's view, was

properly decided.  In the present case, the decedent's

-8-

negligence caused the accident and, incidental thereto, the ruptured spleen. The physician negligently failed to diagnose the injury. Death resulted. There was one indivisible injury proximately caused by the separate, independent acts of the plaintiff and the physician. Had the injury been caused by the separate, independent negligent acts of the physician and another tortfeasor, the liability of each would be determined by the fault attributed to each. Owens v. Truckstops, _____ S.W.2d _____, _____ (Tenn. 1996) [slip opinion at 22]. The principle is the same where the negligence of the plaintiff is a contributing proximate cause. Whitehead v. Toyota Motor Co., 897 S.W.2d 684 (Tenn. 1995).

This case does not present, and the Court declines to address in this opinion, the rights and liabilities of the parties where there are multiple, separate injuries.

### III

In response to the certified question, the principles of comparative fault apply in Tennessee medical malpractice actions, so as to result in the apportionment of fault between the estate of a decedent who acted negligently in causing the initial injury, and a physician who acted

negligently in the treatment of the decedent for that injury. The physician's liability will be limited to the percentage of the total damages attributed to his negligence.

The Clerk will transmit this opinion to the Sixth Circuit Court of Appeals and counsel for the parties in accordance with Rule 23, Section 8 of the Rules of the Tennessee Supreme Court.  The costs in this Court will be taxed to the plaintiff.

_____
REID, J.

Concur:

Anderson, C.J., Drowota, Birch, and
     White, JJ.