[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 113)
CT Page 1330
This motion presents the important question of whether damages in a negligence case can be apportioned between a negligent driver and a subsequently negligent physician. For the reasons set forth below, the answer to this question is yes.
The plaintiff, Joan Berlepsch, alleges that she sustained injuries in 1998 when she was a passenger in a car driven by the defendant, Joan Peck. She claims that Peck drove the car off the road and caused an accident in which she (Berlepsch) was seriously injured. On February 6, 1999, she commenced this action against Peck, as well as the owner of the car and Peck's employer. (All of the original defendants are represented by the same counsel and will be referred to collectively as "Peck.") The first count of Berlepsch's complaint charges Peck with negligence. The second count charges Peck with "recklessness and/or negligence."
On July 6, 1999, Peck brought an apportionment complaint against a number of physicians (the "doctors"), claiming that their negligence in treating Berlepsch after the accident was the cause of the injuries alleged by Berlepsch and that they are liable for a proportionate share of liability under Conn. Gen. Stat. § 52-572h. On September 14, 1999, the doctors filed the motion to strike now before the court. The motion, which is directed against a number of counts in the apportionment complaint, asserts two different claims. The doctors first claim that defendants in a motor vehicle action cannot seek apportionment based on subsequent medical malpractice pursuant to § 52-572h. The additionally claim that apportionment cannot be obtained with respect to the second count of Berlepsch's original complaint because of 1999 Conn Acts 99-69. The motion was heard on January 24, 2000. The doctors' claims will be considered in turn.
The doctors correctly point out that at common law there was joint and several liability between separate tortfeasors who caused a single, indivisible injury. See Bhinder v. Sun Co.,246 Conn. 223, 232, 717 A.2d 202 (1998). This rule was dramatically changed by the "tort reform" statutes passed by the legislature in 1986 and 1987. Conn. Gen. Stat. § 52-572h(c) now provides that:
CT Page 1331 In a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages.
Since 1995, § 52-572h has been complemented by Conn. Gen. Stat. §52-102b, which allows `[a] defendant in any civil action to which section 52-572h applies" to "add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damage as a party to the action." The doctors have become apportionment defendants in the present action pursuant to these statutory provisions.
The question that must be addressed under § 52-572h(c) is whether "the damages are determined to be proximately caused by the negligence of more than one party." The statute does not distinguish between negligence occurring at different times or between different categories of negligence. The focus is on "the damages." In a case involving multiple tortfeasors, damages may be proximately caused by more than one tortfeasor, even when the tortfeasors act independently.
The present case is a good example. It is, at the very least, plausible that in an automobile accident followed by medical malpractice, a plaintiff may sustain a single indivisible item of damage proximately caused by both tortfeasors. If such an indivisible injury proximately caused by two different tortfeasors is found to exist, the jury may apportion the damages under the statute. (Apportionment would not, of course, apply to damages found by the factfinder to have been exclusively caused by one tortfeasor or the other.) See Gray v. Ford Motor Co.,914 S.W.2d 464, 467 (Tenn. 1996). The plain text of § 52-572h(c) requires this conclusion. This analysis is bolstered by the fact that the legislature, in enacting § 52-572h, "was focused on the protection of insurable interests." Bhinder v. Sun Co., supra,246 Conn. at 234. Both drivers of motor vehicles and doctors sued for negligence have insurable interests. Apportionment is consequently allowed in this scenario if the plaintiff's damages are found to be proximately caused by the negligence of each tortfeasor.
The doctors are correct that P.A. 99-69 presents a potential CT Page 1332 problem under the second count of Berlepsch's original complaint.P.A. 99-69 amends § 52-572h to provide that, "there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including . . . reckless misconduct." If the second count of the original complaint asserted only recklessness, apportionment would be inappropriate if the plaintiff were to prevail under that count. As mentioned, however, the second count alleges "recklessness and/or negligence." That count does not preclude a finding of simple negligence. If this case is tried to the jury under the present pleadings, interrogatories may be necessary to identify the basis of the jury's verdict. That problem, however, lies safely in the future. Because the count in question incorporates allegations of negligence, it would be inappropriate to strike the apportionment complaint pursuant to P.A. 99-69.
The motion to strike is denied.
Jon C. Blue Judge of the Superior Court