Deanna L. FREE, Plaintiff–Appellant,

v.

Peter G. CARNESALE, M.D., Defendant–Appellee.

No. 96–5001.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 3, 1997.

Decided April 9, 1997.

L. Anthony Deal, Memphis, TN and Charles Merkle (argued and briefed), Merkle & Cocke, Clarksdale, MS, for Plaintiff–Appellant.

J. Kimbrough Johnson (argued and briefed), Thomason, Hendrix, Harvey, Johnson & Mitchell, Memphis, TN, for Defendant–Appellee.

Before: KENNEDY, NELSON, and GODBOLD *, Circuit Judges.

KENNEDY, J., delivered the opinion of the court, in which GODBOLD, J., joined. NELSON, J. (p. 1233), delivered a separate concurring opinion.

KENNEDY, Circuit Judge.

In this medical malpractice action, plaintiff Deanna Free appeals from a judgment entered on a jury verdict in favor of the defendant, Dr. Peter Carnesale. Plaintiff contends that it was error for the District Court to instruct the jury on the affirmative defense of comparative fault because defendant did not adequately plead or prove the facts necessary to warrant the instruction. For the following reasons, we REVERSE and REMAND for a new trial.

---

* The Honorable John C. Godbold, Circuit Judge of the United States Court of Appeals for the Elev- enth Circuit, sitting by designation.

## I.

On September 21, 1989, plaintiff underwent a resection arthrodesis to remove a tumor on her right thigh bone. The procedure called for the removal of the tumor as well as the knee joint from plaintiff's right leg. Dr. Carnesale, an orthopedic surgeon, performed the procedure at the Baptist Memorial Hospital. On the morning following the operation, at approximately 6:30 a.m., Dr. Carnesale examined plaintiff and discovered that the blood supply to her right foot was inadequate. Dr. Carnesale called a vascular surgeon, Dr. Larry Burke, to restore the blood flow to her leg. At 1:00 p.m. that afternoon, Dr. Burke performed a second surgery on plaintiff and succeeded in restoring the blood flow. By this time, however, plaintiff had suffered permanent injury to her lower right ankle and foot.

On September 18, 1990, plaintiff filed a *pro se* complaint in the Circuit Court of Shelby County, Tennessee. The complaint named Dr. Carnesale, Dr. Tyler Boone, Dr. Muhammad Allah, Dr. Ronald Jackson, and the Baptist Memorial Hospital as defendants, claiming that their negligence had caused the injury to plaintiff's lower right extremity. On September 30, 1991, plaintiff, this time represented by counsel, filed a similar complaint in the United States District Court for the Western District of Tennessee. The next day, the original complaint was nonsuited. On August 31, 1992, the District Court entered a consent order of dismissal as to all defendants except Dr. Carnesale.

On July 22, 1993, Dr. Carnesale filed an amended answer that stated:

As alleged in the original Complaint filed against Baptist Memorial Hospital and Dr. R. Tyler Boone, the monitoring of the plaintiff postoperatively was a function of the hospital personnel and resident staff. Further, decisions regarding graft surgery were not made by this defendant, Dr. Peter G. Carnesale. If there was a failure to monitor and evaluate circulation to the foot, this was not a failure on the part of Dr. Carnesale.

Fearing that this amended answer was an attempt by Dr. Carnesale to shift responsibility for plaintiff's injury to unnamed third parties, plaintiff filed an amended complaint on August 23, 1993, adding as defendants the Baptist Memorial Hospital and the nurses involved in plaintiff's postoperative care. The amended complaint states that it was brought because "the Defendant, Carnesale, has filed an Amended Answer in which he has alleged that nurses responsible for Deanna Free's postoperative care may have failed to adequately monitor and evaluate her condition." In November 1993, the District Court entered an order of dismissal as to the hospital and nurses, on the ground that the statute of limitations barred a claim against them.

Following an earlier mistrial, the case went to trial on May 15, 1995. Plaintiff claimed that Dr. Carnesale, the only remaining defendant, had caused the injury to her right ankle and foot by placing surgical sutures in such a way as to partially compress the popliteal artery. Dr. Carnesale argued at trial that plaintiff's injury was caused by the negligence of the hospital floor nurses, who he alleges failed to provide adequate postoperative care, and by the negligence of the vascular surgeon, Dr. Larry Burke, who he alleges waited too long before performing the graft surgery. At the conclusion of the trial, the court sent the case to the jury with a special verdict form containing the following questions:

Jury Question No. 1: Was the defendant Dr. Peter G. Carnesale medically negligent in his treatment of Deanna L. Free?

If your answer above is "No," stop here.... If your answer above is "Yes," answer the following questions:

Jury Question No. 2: Was Dr. Larry Burke medically negligent in his treatment of Deanna L. Free?

Jury Question No. 3: Were the Baptist Hospital floor nurses medically negligent in their care of Deanna L. Free?

The final two questions asked the jury to determine the percentage of fault attributable to Dr. Burke and the floor nurses, and to determine any damages sustained by plaintiff Free. The jury answered the first question in the negative, finding Dr. Carne-

sale not medically negligent. As instructed, the jury did not answer the remaining questions.

## II.

Plaintiff first contends that the District Court erred in submitting to the jury the defense that Dr. Burke and the hospital floor nurses caused plaintiff's injury. Plaintiff argues that, because defendant did not properly plead or sufficiently prove at trial the affirmative defense of comparative fault, the District Court should not have allowed this defense to go the jury.

■ In this diversity action, the law of Tennessee governs. Whether defendant's evidence was sufficient to make out a comparative fault defense is a question of state law that we review *de novo. See Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

In 1992, the Tennessee Supreme Court in *McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn. 1992), adopted a modified comparative fault system in place of contributory negligence in Tennessee. The court abolished the doctrine of joint and several liability and stated that defendants could raise "as an affirmative defense" the claim that "a nonparty caused or contributed to the injury or damage for which recovery is sought." *Id.* at 58.

In light of *McIntyre,* the Tennessee Rules of Civil Procedure were amended to require that the comparative fault of a nonparty be pled as an affirmative defense. Rule 8.03 provides:

> In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute ... comparative fault (including the identity or description of any other alleged tortfeasors). . . .

TENN.R.CIV.P. 8.03. The Advisory Commission states that the amended rule requires the defendant to "identify or describe other alleged tortfeasors who should share fault, or else the defendant normally would be barred from shifting blame to others at trial." *Id.* at Advisory Commission Comment to 1993 Amendment.

In *George v. Alexander,* 931 S.W.2d 517 (Tenn.1996), the Tennessee Supreme Court

applied TENN.R.CIV.P. 8.03 in the medical malpractice context. In *George,* a patient who suffered nerve damage following surgery brought an action for medical malpractice against the two anesthesiologists who had prepared her for surgery. Although the anesthesiologists did not plead comparative fault as an affirmative defense, they introduced evidence at trial that plaintiff's injury had been caused by other medical personnel. The Tennessee Supreme Court reversed the jury verdict for defendants and held that, pursuant to Rule 8.03, a defendant is required to "plead comparative fault as an affirmative defense if the defendant wishes to introduce evidence that a person other than itself caused the plaintiff's injury." *Id.* at 518.

■ It is clear, therefore, that under Tennessee law a defendant in a medical malpractice action who wishes to attribute fault to a nonparty must affirmatively plead this defense. The parties dispute whether Dr. Carnesale met this requirement. In his original answer to plaintiff's complaint, Dr. Carnesale made no allegations attributing fault to any other person. In his amended answer of July 1993, Dr. Carnesale stated:

> In addition, Dr. Carnesale would say that under no circumstance is he responsible for the injuries and damages claimed by the plaintiff. At the time the surgery performed by Dr. Carnesale was completed, the patient had obvious and sufficient blood flow to the right foot. The patient was next seen by Dr. Carnesale between 6:30 and 7:00 a.m. the day following surgery at which time he noted that the right foot was ischemic. As alleged in the original Complaint filed against Baptist Memorial Hospital and Dr. R. Tyler Boone, the monitoring of the plaintiff postoperatively was a function of the hospital personnel and resident staff. Further, decisions regarding graft surgery were not made by this defendant, Dr. Peter G. Carnesale. If there was a failure to monitor and evaluate circulation to the foot, this was not a failure on the part of Dr. Carnesale.

The question we must decide is whether this pleading adequately raises the affirmative defense of comparative fault. TENN.R.CIV.P. 8.03 requires that a party seeking to raise comparative fault "set forth affirmatively

facts in short and plain terms relied upon to constitute ... comparative fault (including the identity or description of any other alleged tortfeasors)." TENN.R.CIV.P. 8.03. Defendant's answer is deficient in several ways. First, it fails specifically to identify comparative fault as a defense upon which defendant plans to rely. The pleading does not even state affirmatively that a nonparty was at fault. It offers merely the following conditional statement: "*If* there was a failure to monitor and evaluate circulation to the foot, this was not a failure on the part of Dr. Carnesale." (emphasis added) More important, the answer fails to set forth any facts that could constitute negligence on the part of any nonparty.

While it may be argued that plaintiff had actual notice of defendant's claim that the nurses were at fault[1], the same cannot be said about Dr. Burke. Dr. Carnesale's answer does not identify Dr. Burke either by name or description, and sets forth no facts indicating that he was negligent in his treatment of plaintiff. It was error for the District Court to permit Dr. Carnesale to argue Dr. Burke's comparative fault. The District Court's instructions to the jury and the special verdict form were also erroneous in permitting the jury to consider his possible fault.

■■■ Even if Dr. Carnesale had affirmatively pleaded the comparative fault of Dr. Burke, it would still have been error to permit the defense to go to the jury. Because comparative fault is an affirmative defense, a defendant who raises the defense is required to prove a prima facie case of negligence against the nonparty he contends was negligent. Under Tennessee law, a claim of malpractice requires proof of the following:

(1) The *recognized standard of acceptable professional practice* in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plain-

[1]. In response to Dr. Carnesale's amended answer, plaintiff filed an amended complaint adding the hospital and the nurses as defendants.

tiff suffered injuries which would not otherwise have occurred.

TENN.CODE ANN. § 29–26–115(a). A plaintiff in a malpractice action must prove the negligence of the defendant by a preponderance of the evidence. *Id.* § 29–26–115(d). The plaintiff "must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." *Lindsey v. Miami Dev. Corp.,* 689 S.W.2d 856, 861 (Tenn.1985) (quoting PROSSER & KEETON, TORTS, § 41, p. 269 (5th ed., 1984)). "Causation in fact is a matter of probability, not possibility, and in a medical malpractice case, such must be shown to a reasonable degree of medical certainty." *Kilpatrick v. Bryant,* 868 S.W.2d 594, 602 (Tenn.1993).

■ In the instant case, Dr. Carnesale failed to make out a prima facie case of negligence against Dr. Burke. The only testimony even remotely related to Dr. Burke's alleged negligence was given by Dr. Carnesale. Asked by plaintiff's counsel whether there was any animosity between Dr. Burke and Dr. Carnesale, Dr. Carnesale answered: "I have difficulty with me calling a vascular surgeon at 6:30 in the morning and an operation not being done until 1:00 o'clock in the afternoon." Dr. Carnesale also testified that plaintiff would not have sustained her injury if the popliteal vessel had been "repaired in a timely fashion." There is no evidence that the "recognized standard of acceptable professional practice" would have required earlier surgery by Dr. Burke. TENN.CODE ANN. § 29–26–115(a). Nor is there any evidence that Dr. Burke's delay in operating proximately caused plaintiff's injuries. A "mere possibility" that defendant caused plaintiff's injury is insufficient, as a matter of law, to establish liability for malpractice. *Lindsey,* 689 S.W.2d at 861. When the matter of causation "remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Id.* (quoting PROSSER & KEETON, *supra,* § 41, p. 269). The evidence presented at trial was insufficient to create a jury issue as to the

comparative fault of Dr. Burke. It was error for the District Court to instruct the jury on the defense of comparative fault and to present the jury with a verdict form offering comparative fault as a defense.

■ Defendant argues that any error regarding comparative fault is harmless because the jury found that Dr. Carnesale was not medically negligent in his treatment of plaintiff. However, the court's instruction as to medical negligence required a finding that the medical negligence was a proximate cause of the injury. The court instructed the jury as follows:

> In order to prevail on a claim of medical negligence, the plaintiff has the burden of proving by a preponderance of the evidence each of the following three elements:
>
> One, the recognized standard of acceptable professional practice in the profession or specialty, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred.
>
> Two, that the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard, and,
>
> Three, as a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries or damages which would not otherwise have occurred.
>
> If, after considering all of the evidence in this case and the Court's instructions on the law, you determine that the plaintiff has established by a preponderance of the evidence each of the three elements set out above, then you should return a verdict for the plaintiff by answering question number one on the verdict form yes. If the plaintiff has failed to establish any of the three elements set out above by a preponderance of the evidence, then you must return a verdict for the defendant by answering question number one on the verdict form no.

As a result of the court's inclusion of the comparative fault defense in the jury instructions and the verdict form, the jury may have concluded that Dr. Carnesale, even if himself negligent, did not proximately cause plaintiff's injury because Dr. Burke was subsequently negligent and could have prevented the injury. The jury may well have thought that the subsequent negligence of Dr. Burke precluded Dr. Carnesale's negligence as the proximate cause of plaintiff's injury. Permitting the defense of Dr. Burke's comparative fault to reach the jury was not harmless error.

Having concluded that the inclusion in the jury instructions and the verdict sheet of the defense of Dr. Burke's comparative fault requires a new trial, we need not decide whether it was also error to submit the comparative fault of the hospital floor nurses.

■ As a final matter, we consider plaintiff's claim that the District Court exhibited such hostility toward her as to deprive her of a fair trial. Having already found that plaintiff is entitled to a new trial, we consider this as a request to assign a new District Judge on remand.

There is no question that "[a] fair trial in a fair tribunal is a basic requirement of due process." *Anderson v. Sheppard,* 856 F.2d 741, 745 (6th Cir.1988) (quoting *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)). As a result, the District Court must, throughout the trial, be impartial "in demeanor as well as in actions." *Id.* (quoting *United States v. Frazier,* 584 F.2d 790, 794 (6th Cir.1978)).

A thorough review of the record convinces us that the District Court did not exhibit bias in this case. While the court at times perhaps evinced unjustified displeasure at counsel for plaintiff, the record as a whole indicates that plaintiff was not deprived of a fair trial. Accordingly, we decline to order that the case be reassigned to another judge on remand.

### III.

For the foregoing reasons, the judgment of the District Court is **REVERSED** and the action is **REMANDED** for a new trial.

DAVID A. NELSON, Circuit Judge, concurring.

I fully concur in Judge Kennedy's opinion and in the remand. The jury having been

presented with a special verdict form asking whether Dr. Carnesale was negligent, and the jury having been instructed (among other things) to answer this question "no" if it found in favor of Dr. Carnesale on the issue of proximate cause, we are left with no choice but to send the case back.

I write separately to note that a remand might not have been necessary if the special verdict form had provided for separate findings on negligence and causation, and if the jury had been instructed not to answer the causation question unless it found Dr. Carnesale negligent. Had the jury answered the first question "no" under these circumstances, there would have been no need for a remand.

We were told at oral argument that it is customary in Tennessee to conflate the issues of negligence and proximate cause and to label a negligent defendant non-negligent if his negligence was not the proximate cause of the defendant's injury. If such a custom exists, I hope that it will be revisited. The practice is analytically untidy, and, as this case demonstrates, it can lead to results that may be unfortunate.