| JEROME R. HERBISON and | ) | |
|---|---|---|
| MARGARET H. HERBISON, | ) | Davidson Circuit |
| | ) | No. 96C-2636 |
| Plaintiffs/Appellants, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| HANSEN CHRYSLER-PLYMOUTH, | ) | |
| INC., | ) | Appeal No. |
| | ) | 01A01-9710-CV-00594 |
| Defendant/Appellee. | ) | |

FILED

August 19, 1998

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

**HONORABLE BARBARA N. HAYNES, JUDGE**

Robert L. Whittaker, #17209
1712 Parkway Towers
404 James Robertson Parkway
Nashville, Tennessee 37219

John E. Herbison, #12659
2016 Eighth Avenue South
Nashville, Tennessee 37204
ATTORNEYS FOR PLAINTIFFS/APPELLANTS

Gareth S. Aden, #2371
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
230 Fourth Avenue North, 3rd Floor
P.O. Box 198888
Nashville, Tennessee 37219-8888
ATTORNEY FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:
WILLIAM B. CAIN, JUDGE

CONCURS IN RESULT:
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| **JEROME R. HERBISON and** ) | |
| **MARGARET H. HERBISON,** ) | **Davidson Circuit** |
| ) | **No. 96C-2636** |
| **Plaintiffs/Appellants,** ) | |
| ) | |
| **VS.** ) | |
| ) | |
| **HANSEN CHRYSLER-PLYMOUTH,** ) | |
| **INC.,** ) | **Appeal No.** |
| ) | **01A01-9710-CV-00594** |
| **Defendant/Appellee.** ) | |

# **O P I N I O N**

The plaintiffs, Jerome R. And wife Margaret Herbison, have appealed from the summary dismissal of their suit against the defendant, Hansen Chrysler-Plymouth, Inc., for injuries received by Mr. Herbison on the premises of the defendant when he tripped on a metal strip imbedded in the concrete floor on the premises of defendant.

The defendant is an automobile dealer with a large shop for servicing and repairing automobiles. The parts department is located in the shop. The outside entrance to the shop is equipped with doors which close against a metal strip which protrudes from 15/16 inch to 1-1/8 inch above the level of the concrete floor.

Mr. Herbison operates his own auto repair shop and occasionally enters defendant's shop through the described door way in order to procure parts from the parts department. As he entered the shop, he noticed that the parts department had been moved and was looking for it as he tripped on the protruding track. He testified that the track could have been made safe for pedestrians by welding additional metal on each side of the track to create a beveled slope, rather than an abrupt change of elevation.

The defendant moved for summary judgment upon the deposition of Mr. Herbison stating the above facts. The memo supporting the motion cited *Eaton v. McLain*, Tenn. 1994, 891 S.W.2d 587, in which the Supreme Court recognized the "open and obvious" rule in respect to

premises liability despite the adoption of "comparative fault" in *McIntyre v. Ballentine*, Tenn. 1992, 833 S.W.2d 52.

The Trial Court sustained the motion and dismissed plaintiffs' suit without stating a reason, but it is clear that the open and obvious rule was the reason.

The only issue on appeal is the correctness of the summary judgment.

Defendant's motion for summary judgment was supported by plaintiffs' responses to a request for admissions, the deposition of the injured plaintiff, and the depositions of Dennis Hansen and Erik A. Olson.

The responses of the plaintiffs and the deposition of the injured plaintiff established that he had operated an auto repair shop for 23 years, that he visited defendants premises three or four times a year to purchase repair parts, that he almost always entered the shop of the defendant through the doorways used for moving vehicles into the shop, that, on July 24, 1995, he parked in the parking lot and walked to the doorway he ordinarily used, that he tripped on a yellow metal ridge in the floor of the doorway, that if he had been looking at his path he would have seen the yellow metal ridge, but he was looking ahead for the parts department which had been moved to a different part of the shop. He admitted that there were signs at the scene which read "Do not use vehicle doors to enter bay, walk in Service Entrance" with arrow pointing to another door, and "Service Entrance" beside the other door, but that he thought the signs referred to service customers and not parts customers.

The parties stipulated that the metal strip protruded 15/16 inch to 1-1/8 inch above the concrete floor.

Plaintiffs' response to the interrogatory admitted that the metal strip did not violate any building code.

The injured plaintiff's deposition stated that the entrance where he was injured could be made safer for pedestrians by welding strips on either side of the imbedded strip so as to form a sloping ramp and by painting said ramps with yellow paint.

In his deposition, the service manager admitted that pedestrians do use the vehicle entrance and that, other than the signs, they have not been forbidden or prevented form doing so.

At the time of the decision of the Trial Court, the open and obvious rule had been recognized as the law of Tennessee. However, on March 30, 1998, the Supreme Court released its opinion in *Coln v. City of Savannah*, for publication, in which the Court said:

> After reviewing the two cases before use, the extensive literature, our Tennessee cases on the subject, and cases from other jurisdictions, we conclude that an open and obvious danger does not automatically result in a finding of no duty and therefore no landowner liability. As in any negligence action, we think a risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by a defendant's conduct outweigh the burden upon the defendant to engage in alternative conduct that would prevent the harm. McCall v. Wilder, 913 S.W.2d 150 (Tenn. 1995). Applying this analysis, if the foreseeability and gravity of harm posed by the defendant's conduct, even if "open and obvious," outweigh the burden upon the defendant to engage in alternative conduct, the defendant has a duty to act with reasonable care and the comparative fault principles apply under McIntyre v. Balentine, supra.
>
> - - - -
>
>> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
>>
>> - - - -
>>
>> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is

obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

Moreover, the open and obvious rule is inconsistent with our cases which analyze duty by balancing foreseeability and gravity of harm with feasibility and availability of alternatives that would have avoided the harm.

In accordance with the directive of the Supreme Court, this Court has evaluated the nature of the danger, the duty of a reasonably prudent user of the premises and have concluded that the controller of the premises performed its duty and the sole cause of the injury was the culpable inattention of the injured party.

Even though the attention of the injured party may have been diverted by his search for the parts department, he had adequate opportunity to familiarize himself with the nature of his pathway in his previous visits and, on the day of his injury as he approached the doorway from the parking lot. This conclusion renders unnecessary any consideration of comparative negligence.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed to the appellants. The cause is remanded to the Trial Court for necessary further proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:

_____
WILLIAM B. CAIN, JUDGE

CONCURS IN RESULT:

_____
WILLIAM C. KOCH, JR., JUDGE

-5-