IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, January 10, 2005

## ISAAC HALL v. SHIRLEY A. HALL

Appeal from the Circuit Court for Bedford County
No. 8832     Lee Russell, Judge

No. M2003-02664-COA-R3-CV - Filed February 4, 2005

The plaintiff left the defendant's residence through her kitchen which opened into a carport, three steps lower. The defendant had left a pair of shoes on the steps which the plaintiff did not see owing to darkness because he failed to turn on the light. The undisputed evidence reveals evidence of negligence on the part of each party, but under *McIntyre*, the negligence of each should be compared. Summary judgment for the defendant is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J.M.S. and FRANK G. CLEMENT, JR., J., joined.

Brenda S. Bramlett, Shelbyville, Tennessee, for the plaintiff, Isaac Hall.

John W. Rodgers, Murfreesboro, Tennessee, for the defendant, Shirley A Hall.

### OPINION

The defendant's residence has a carport adjoining her kitchen. The floor of the carport is lower than the kitchen floor, and requires three steps for access. Her nephew, the plaintiff, came to visit and entered through the carport entrance as he had done many times before. The steps were unobstructed.

The defendant arrived about sunset. She also entered through the carport, and routinely removed her tennis shoes and placed them on the "second bottom step."

Forty minutes or so later the plaintiff took his leave. He testified that "it was dark." He was unable to see his aunt's tennis shoes and stumbled over them, sustaining a broken fibula in the process. He admitted that he "voluntarily took a step into total darkness," notwithstanding that the area would be well-lit if he turned the lights on. He was familiar with the location of the switch and

simply failed to turn the lights on. The plaintiff admitted that he would have seen the shoes had he turned the lighting on, and that it did not occur to him that his aunt had left her shoes on the steps.[1]

The plaintiff filed this complaint alleging that upon the exercise of due care the defendant knew or should have known that leaving her shoes on the steps would cause someone to fall. The defendant responded that the shoes were in plain view, and that the negligence of the plaintiff was equal to or greater than any negligence of the defendant. The material facts not being controverted, the defendant moved for summary judgment which was granted. The plaintiff appeals. The sole issue is the propriety of summary judgment. Review is *de novo* on the record with no presumption of correctness.

Analysis

We begin with the cautionary statement that **McIntyre v. Balentine**, 833 S.W.2d 52 (Tenn. 1992) wrought a decidedly fundamental charge in negligence law in this jurisdiction. No longer is the proximate contributory negligence of the plaintiff a bar to any recovery; if the negligence of the plaintiff is less than that of a tortfeasor, the plaintiff may recover damages reduced by a percentage of the plaintiff's own negligence. In **Eaton v. McLain**, 891 S.W.2d 587 (Tenn. 1994) the court again expounded the doctrine of the duty reposed upon the owner of premises to use reasonable care *under the circumstances* for a guest, including the removal of a latent dangerous condition, or warning of its existence. The rationale of this principle is said to be apparent owing to the "owners superior knowledge of a perilous condition on his premises." A concomitant principle is also apparent; the owner is not liable for injuries sustained from dangers that were obvious, open, or as well known, to the guest as to the owner, *see,* **Coln v. City of Savannah**, 966 S.W.2d 34 (Tenn. 1998), but this rules does not automatically preclude recovery. Rather, the rule promulgated in Restatement of Torts, section 343A, prevails in Tennessee: that the owner of premises is not liable to invitees for physical harm caused to them by obvious dangers unless the owner should anticipate the harm despite such obviousness.

In **Eaton v. McLain**, *supra*, a guest awakened during the nighttime and fell while descending a darkened stairway. The Court explained that "the issue is whether the plaintiff has made any showing from which it can be said that the *defendants reasonably know or should have known of the probability of an occurrence such as the one which caused her injuries.*" (Emphasis in original). The Court emphasized that:

> In order for the [defendants] to be charged with the duty to leave on the light in the hall and to lock the basement door, they must have been able to reasonably foresee that [the plaintiff] would get out of bed in total darkness, walk across the hall, and step into the basement stairwell, all without turning on any lighting whatsoever. While our holding would likely be different if no lighting had been provided or

---

[1] The record does not reveal whether the plaintiff noticed his aunt's unshod feet, or whether he knew she routinely removed her shoes before entering her house.

> if it had been inoperative, [the plaintiff's] failure to turn on any lights, coupled with her willingness to open the door and step into an unfamiliar area is such as radical departure from reasonable conduct under the circumstances that the [defendants] could not have reasonably foreseen that conduct and its consequences.

A negligence claim requires proof of the following element: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct of the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; (5) proximate or legal cause. ***Bradshaw v. Daniel***, 854 S.W.2d 865 (Tenn. 1993). In any negligence case, the analysis must begin with a determination of duty in accordance with the foreseeability and gravity of harm, and the feasibility and availability of alternatives; if a duty is imposed, then the surrounding circumstances are analyzed under the principles of comparative fault. ***Coln**, supra.* A risk of harm may be foreseeable and unreasonable thereby imposing a duty on a defendant despite its potentially open and obvious nature, which does not, *ipso fact*o, relieve the defendant of a duty of care. As stated in ***Coln***, *supra*, if the foreseeability of harm posed by a defendant's conduct, even if open and obvious, outweighed the defendant's burden to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care and comparative fault is implicated.

In premises liability cases, application of duty principles resulted in imposing a duty on an owner or possessor of premises to exercise reasonable care under the circumstances to a guest or business invitee. The duty includes the responsibility of either removing or warning against any latent or hidden condition on the premises of which one was aware or should have been aware through the exercise of reasonable diligence. ***Smith v. Inman Realty Co.***, 846 S.W.2d 819 (Tenn. Ct. App. 1992).

The appellee relies heavily on ***Eaton***, *supra*, as did the trial judge. ***Coln**, supra*, essentially restricts the open and obvious principle to the enumerated circumstances in ***Eaton***, while making it clear that summary judgment remains viable to evaluate cases at the preliminary stage of proceeding. In ***Eaton***, as stated, the plaintiff failed to turn on available lights before opening a door she was unfamiliar with and stepped into an unfamiliar area. This was found to be unreasonable conduct which barred a recovery. In the case at Bar, the plaintiff was familiar with the door and the steps, and failed to turn on the lights even through he was familiar with the location of the switch. Since the steps were unobstructed when he entered the house two hours or so earlier, he had no apparent reason to consider that the defendant had obstructed them, although that fact would have been revealed had he turned the lights on.

We conclude that ***McIntyre*** requires a jury determination of the comparative negligence of each of these parties. The judgment is reversed and the case is remanded for trial. Costs are assessed to the appellee.

_____
WILLIAM H. INMAN, SENIOR JUDGE