DARRELL TURNER,                     )
                                    )       **Sumner Circuit**
        **Plaintiff/Appellant,**    )       **No. 14772-C**
                                    )
**VS.**                             )
                                    )       **Appeal No.**
**BRIAN W. SKELLY,**                )       **01A01-9708-CV-00376**
                                    )
        **Defendant/Appellee.**     )

**FILED**

**December 12, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE**

**APPEAL FROM CIRCUIT COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE**

**HONORABLE THOMAS GOODALL, JUDGE**

NEWTON S. HOLIDAY, BPR #12990
208 Third Avenue, North
Fifth Floor
Nashville, TN 37201
ATTORNEY FOR PLAINTIFF/APPELLANT

C. L. ROGERS, BPR #4240
119 Court Square
Gallatin, TN 37066
ATTORNEY FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED.**

                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

DARRELL TURNER,        )
                                 )    **Sumner Circuit**
        **Plaintiff/Appellant,**     )    **No. 14772-C**
                                 )
**VS.**                             )
                                 )    **Appeal No.**
**BRIAN W. SKELLY,**         )    **01A01-9708-CV-00376**
                                 )
        **Defendant/Appellee.**     )

# O P I N I O N

The plaintiff, Darrell Turner, has appealed from a jury verdict and judgment dismissing his suit against the defendant, Brian W. Skelly for personal injuries sustained when the right rear view mirror of a pick-up truck operated by defendant, Brian w. Skelly, struck plaintiff's left elbow as he walked on the right edge of the road at 8:30 p.m. after dark.

Plaintiff presents the following issue for review:

> I. Whether the Trial Court erred in it's failure to act as a thirtieth (sic) juror and set aside the jury verdict that held that plaintiff was 75% negligent and defendant was 25% negligent when the jury's verdict was contrary to the weight of the evidence?

.

Plaintiff testified that, prior to his injury, he was walking to his aunt's house when he accepted a ride in a vehicle operated by Wanda Perry and occupied by Erline Duncan and Stephanie Jenkins; that, when they arrived at the intersection of State Route 25 and West Eastland Avenue, plaintiff announced that he had changed his mind and would get out and walk home; that he alighted from the vehicle and began walking eastward on the right (south) side of West Eastland; that West Eastland has no sidewalks; that the north shoulder is very narrow, and the south shoulder is occupied by "bushes" which require a pedestrian to walk on the edge of the paved roadway. (By walking on his right side of the roadway, plaintiff was not facing the eastbound traffic which approached from his rear.) Plaintiff further testified that, when he was about 12 to 15 feet from the intersection, he glanced back and saw headlights; that something hit him and propelled him into the bushes; and that it developed that the right rear view mirror of defendant's truck had struck his left elbow.

The only contradiction in the evidence relates to the speed of the vehicle whose mirror struck plaintiff's elbow.

Defendant, Skelly, testified that he was traveling south on State Route 235, intending to turn east on West Eastland; that immediately north of the intersection of State Route 25 and west Eastland, State Route 25 has a sharp, 90 degree curve, so that it was necessary for defendant to negotiate a 90 degree right turn on State Route 25 and, immediately thereafter, to negotiate a 90 degree left turn into West Eastland; that defendant reduced his momentum to about 20 miles per hour because of the two sharp turns and vehicles parked on the paved portion of West Eastland; that, while moving at the same speed, he passed some bushes overhanging the right edge of the pavement at which time he heard the noise of a bump which he assumed to be the result of his mirror striking part of the bushes; that he did not see the man whose elbow was injured.

The investigating officer testified that it was dark at the time of the accident; that he found no witness at the scene who stated that defendant was speeding; that there was no room to walk on the south shoulder of the road because of bushes; and that there was a narrow shoulder on the north side of the road where there were no bushes.

Shannon Hughes testified that he was driving west on West Eastland approaching the intersection of State Route 25 when he met and passed defendant, but he did not see plaintiff walking on or near the south edge of the pavement.

Ricky and Bobby Freeman occupied a vehicle which was following the Wanda Perry vehicle. They testified that they saw plaintiff alight from the Perry car and proceed down Eastland Avenue on the right shoulder near the bushes and that defendant was traveling at a "high rate of speed" as it turned onto West Eastland.

Shannon Hughes testified that he saw defendant's truck turn onto West Eastland Avenue "driving well over the speed limit" which he said was "twenty or thirty" and that defendant was going "forty to fifty".

The witness, Erlita Duncan, a passenger in the Perry car with plaintiff, testified without contradiction, that plaintiff could have "walked on the yard side of the shrubbery" to avoid walking in the roadway.

The jury found that 75% of the cause of the plaintiff's injury was the negligence of plaintiff and 25% of the cause of plaintiff's injury was the negligence of defendant. The Trial Judge entered a final order dismissing plaintiff's suit and overruled plaintiff's motions under Rule 50.02 and 59.06.

Plaintiff does not argue against the application of the rule of comparable fault but insists that the allocation of 75% fault to plaintiff was "contrary to the weight of the evidence."

T.C.A. § 55-8-136 provides:

> **55-8-136.  Drivers to exercise due care**. - Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.  [Acts 1955, ch. 329, § 35; T.C.A., § 59-836.]

T.C.A. 55-8-137 provides:

> **55-8-137.  Pedestrians to use right half of crosswalk**. - Pedestrians shall move, whenever practicable, upon the right half of crosswalks. [Acts 1955, ch. 329, § 36; T.C.A., § 59-837.]

T.C.A. 55-8-138 provides:

-4-

**55-8-138.    Pedestrians on roadways**. - (a) Where sidewalks are provided, it is unlawful for any pedestrian to walk along and upon an adjacent roadway.

(b) Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction.

(c) A violation of this section is a Class C misdemeanor. [Acts 1955, ch. 329, § 37; T.C.A., § 59-838; Acts 1989, ch. 591, § 113.]

Generally, the issue of whether a pedestrian is guilty of proximate causal negligence by walking on the paved portion of a highway, and/or on the right side or shoulder is a fact question for the jury, unless the undisputed fact creates a question of law for the Court.  The disputed fact (speed) presented a question of credibility which was decided by the jury with the concurrence of the Trial Judge.

The factual finding of a jury will not be set aside on appeal unless there is no material evidence to support it.  TRAP Rule 13(d), *Pullen v. Textron*, Tenn. App. 1992, 845 S.W.2d 777.

This Court finds no basis for reversing the finding of the jury and trial judge as to credibility, preponderance of the evidence or degree of fault.

So long as a plaintiff's negligence remains less than the defendant's negligence, the plaintiff may recover, but in such event the plaintiff's recovery must be reduced in proportion to the total negligence attributed to the plaintiff. *McIntyre v. Balentine*, Tenn. 1992, 833 S.W.2d 52, 57.

A necessary corollary to the foregoing authority is that, when the percentage of fault attributed to plaintiff is 50 or more, no damages can be awarded to plaintiff.

The judgment of the Trial Court is affirmed. Costs of this appeal are adjudged against the plaintiff-appellant. The cause is remanded to the Trial Court for necessary further procedure.

-6-

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE