IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

---

BETTY SCHOPFER and
LOUIS H. SCHOPFER,

        Plaintiffs,

v.

THE KROGER COMPANY,
WARNER-LAMBERT COMPANY,
and THE DEMO COMPANY,

        Defendants.

Shelby Circuit No. 2997
C.A. No. 02A01-9707-CV-00138

Hon. Karen R. Williams, Judge

**FILED**

**May 18, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

OSCAR C. CARR, III, and CHARLES WESLEY FOWLER, Glankler Brown, Memphis,
Attorneys for Plaintiffs.

BETTY ANN MILLIGAN and GAYLE B. LAKEY, Spicer, Flynn and Rudstrom, Memphis,
Attorneys for Defendant The Kroger Company.

RICHARD R. ROBERTS, Memphis, Attorney for Defendant Warner-Lambert.

JERRY O. POTTER and KAREN R. CICALA, The Hardison Law Firm, Memphis, Attorneys
for Defendant The Demo Company.

*REVERSED AND REMANDED*

Opinion filed:

---

MEMORANDUM OPINION[1]

---

**TOMLIN, Sr. J.**

      Betty Schopfer ("plaintiff")[2] and her husband, Louis Schopfer, filed suit in the Circuit

Court of Shelby County against Kroger, Inc. ("Kroger"), Warner-Lambert Co. ("Warner-

Lambert") and The Demo Company ("Demo") seeking damages resulting from injuries she

sustained in a Kroger store when a display rack collapsed, striking her and causing her to fall to

the floor. Each defendant filed a motion for summary judgment, asserting that there were no

genuine issues of material fact existing. The motions were denied by Judge James Swearengen,

---

[1]**Rule 10(b) (Court of Appeals).** MEMORANDUM OPINION. The Court, with the
concurrence of all judges participating in the case, may affirm, reverse or modify the action of the
trial court by memorandum opinion when a formal opinion would have no precedential value. When
a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION,"
shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated
case.

[2]As the sole recipient of the personal injuries, we identify wife only as plaintiff.

sitting by interchange for Judge James Tharpe, who was ill. Following Judge Tharpe's death, all defendants renewed their motions. Judge Karen Williams, the new judge of Division 3, granted summary judgment for each defendant. On appeal, plaintiff has raised three issues for our consideration. In addition, Kroger has presented two issues and Warner-Lambert three issues for our consideration. Demo raised no additional issues. In the opinion of this court, our consideration of this case can be reduced to a single issue that will dispose of the matters raised by all the parties--whether or not the trial court was in error in granting summary judgment for each of the respective defendants. For the reasons hereinafter set forth, we are of the opinion that the trial court erred in granting summary judgment and remand this case to the trial court for further consideration.

In April 1993, plaintiff was shopping at defendant's store in Memphis. In order to increase sales of particular products, Kroger participated in various marketing programs, one of which allowed certain companies who supplied it with merchandise to set up display racks of its merchandise within the store. These display racks were usually temporary and contained the products of the manufacturer being featured. In this regard, during the early part of the week prior to plaintiff's visit and unfortunate accident, Kroger had permitted Warner-Lambert, one of its suppliers to assemble and stock a display rack in one of its aisles, by and through an employee of Warner-Lambert, for the purpose of promoting the sale of Schick razors and razor blades. It was this display of Warner-Lambert with which plaintiff collided and which precipitated the fall causing her injuries.

Yet another means utilized by Kroger to increase its sales was to permit employees of marketing and advertising companies to distribute coupons inside its store for various products sold by it. On this particular day, with the permission of Kroger, an employee of Demo was working in the store for the purpose of giving away coupons and/or merchandise to Kroger's customers. The Demo employee was a petite, elderly lady named Mary Gibson ("Mrs. Gibson").

Before her fall, plaintiff had encountered Mrs. Gibson in Kroger's store twice, receiving a coupon from her on both occasions. Just prior to the third encounter, plaintiff was walking down one of the aisles, approaching a cross-aisle, en route to her grocery cart on the other side of the cross-aisle, when Mrs. Gibson suddenly turned into the aisle and walked very quickly toward plaintiff, at the same time, extending her hand to give her a product. Plaintiff stepped to her left

2

to avoid physical contact with Mrs. Gibson.  Upon so doing, plaintiff came into contact with Warner-Lambert's display rack, causing the rack to fall, striking the inside of plaintiff's left leg, thereby causing her to fall to the floor.  Plaintiff stated that she had observed the display rack that day prior to the fall, but she was of the opinion that it was attached to a frozen food case at the end of the aisle.  As a result of the fall plaintiff sustained a broken hip and other injuries, resulting in two hip replacement surgeries.  Plaintiff also claimed some permanent disability.

The complaint alleged that the display rack created a dangerous circumstance, which was exaggerated by Demo's employee quickly approaching plaintiff, causing her to step to her left, bringing her in contact with the rack.  Plaintiff's complaint asserted that both Kroger and Warner-Lambert failed to meet their legal duty to plaintiff in that the premises, including the rack, were unsafe for its patrons.  Plaintiff also asserted that defendants Kroger and Warner-Lambert failed to properly supervise their employees in the design, erection, inspection and maintenance of the display rack in question.  Plaintiff further alleged that Demo's employee was negligent in the manner in which she approached plaintiff and further that Demo failed to adequately train and supervise its employees.

All three defendants filed separate motions for summary judgment on the grounds that there were no genuine issues as to any material facts upon which liability of that particular defendant could be predicated.

The relevant portion of Judge William's order granting summary judgment for each of the defendants reads as follows:

> This matter came on to be heard upon the Renewed Motions for Summary Judgment filed by all defendants, depositions filed in the cause, affidavits filed by all parties, statements of attorneys for all parties and from the entire record, all of which it appears to the Court that pursuant to case of Shope v. Radio Shack, 1995 Tenn. App. LEXIS 792, is controlling and that the open and obvious doctrine continues to exist despite the adoption of comparative fault.  The Court further finds that the plaintiff, Bettye Schopfer, admitted in her deposition that she had seen the display rack twice before the accident.  Furthermore, the Court finds that the plaintiff, Bettye Schopfer, had been in the retail business and was aware of display racks and that the aisle in question was wide in this particular store.  Additionally, the Court finds that there was no one else in the aisle at the time of the accident except the plaintiff and the employee of Demo Company.  Finally, the Court finds that the exception to the open and obvious rule for momentary forgetfulness or shock or panic as described in the case of Bailes v. Public Housing Authority, 1996 Tenn. App. LEXIS 815 is not applicable as the plaintiff did not present proof to bring herself within either of said exceptions.  The Court is of the opinion that the defendants' Renewed Motions for Summary Judgment are well taken and the case should be dismissed with prejudice.

In Shope, plaintiff was injured when he fell over a display counter in a Radio Shack store in Cleveland, whose store manager was a friend of his and at whose store plaintiff was a regular customer. After checking out, plaintiff turned to leave when he tripped over the display, located some four and a half feet from the checkout counter. The display was a foot and a half square and two feet tall. The trial court directed a verdict in favor of defendants.

On appeal, the Eastern Section in Shope considered how the "open and obvious" rule in this state was affected, if any, by the Supreme Court's decisions in McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), and Perez v. McConkey, 872 S.W.2d 897 (Tenn. 1994).

The "open and obvious" rule as it was applied prior to these two Supreme Court decisions, generally stated, was as follows:

> The liability of the proprietor of a place of business to which the public is invited is based upon the duty to keep his premises in a reasonably safe condition for all persons who are lawfully on his premises and in the exercise of due care for their own safety. Liability is sustained on the ground of the owner's superior knowledge of a perilous condition on his premises and he is not liable for injuries sustained from dangers that are obvious, reasonably apparent or as well known to the invitee as to the owner. The invitee assumes all normal or obvious risks attendant on the use of the premises.
> Shope, 1995 WL 733885, at *1.

The Shope court concluded:

> It is our considered opinion that the open and obvious rule has not been affected by *McIntyre* or *Perez* except in those unusual circumstances where negligence on the part of the defendant exists concurrently with the negligence of the plaintiff or, stated otherwise, under circumstances where a duty is owed by the defendant to the plaintiff. In such cases, a comparison of negligence is required.
>
> . . . .
>
> In our final analysis, we hold that the open and obvious rule is unaffected by *McIntyre* and *Perez* except under circumstances where a plaintiff was not barred by the rule under the law as it existed before the decisions in *McIntyre* and *Perez*. In those rare instances, the negligence of the respective parties or tortfeasors must be compared.
> Id. at *3.

In the case under consideration the trial judge concluded that the "open and obvious" rule barred plaintiff's recovery against each defendant. From reading the trial court's opinion, it seems apparent that the trial judge stated her reasons for granting summary judgment for all defendants with specificity. Usually we are not so advised as to why the trial court grants

4

summary judgment. Ordinarily the trial court concludes in it order that "after reviewing the record, this court is of the opinion that there are no genuine issues of material fact in this case," and proceeds to grant summary judgment for the moving side. Here the trial court held that the "open and obvious" rule, as it existed before McIntyre and Perez, was the law, and proceeded to grant summary judgment for the defendants on this ground.

With the release of the Supreme Court's opinion in the combined cases of Coln v. City of Savannah and Vancleave v. Markowski, et ux, No. 02A01-9507-CV-00152, 1998 WL 139096 (Tenn. Mar. 30, 1998), the case relied upon by the trial court is no longer the law in this state regarding the "open and obvious" rule. At the outset of its opinion, the Supreme Court stated in Coln:

> After reviewing the two cases before us, the extensive literature, our Tennessee cases on the subject, and cases from other jurisdictions, we conclude that an open and obvious danger does not automatically result in a finding of no duty and therefore no landowner liability. As in any negligence action, we think a risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by a defendant's conduct outweigh the burden upon the defendant to engage in alternative conduct that would prevent the harm.
> Coln, at *1 (footnote omitted).

This court is a court of appellate jurisdiction. Under the circumstances, we think it inappropriate for us to proceed in light of the law as it now stands to attempt to analyze in the required fashion whether or not there exists genuine issues of material fact as to each of these three defendants. To the contrary, we think it more appropriate to give the trial court an opportunity as the court of original jurisdiction to consider these summary judgment motions in the light of Coln and Vancleave. We also observe that in our opinion the "open and obvious" rule would not be applicable to the defendant Demo, so that the summary judgment as to Demo should be decided under summary judgment principles.

Accordingly, the judgment of the trial court granting summary judgment as to all three defendants is reversed. This cause is remanded to the Circuit Court of Shelby County for a rehearing on all three motions for summary judgment, in accordance with the rules of practice and case law of this state, not inconsistent with the provisions of this opinion. Costs in this cause on appeal are taxed one-third to

each of the three defendants, for which execution may issue if necessary.

_____
TOMLIN, S.J.


_____
FARMER, J.                    (CONCURS)


_____
LILLARD, J.              (CONCURS)