IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

ROBERT A. KEENER, and          ) KNOX COUNTY
THE KEENER CORPORATION         ) 03A01-9806-CV-00193
                               )
     Plaintiffs-Appellants     )
                               )
                               ) HON. WHEELER ROSENBALM,
     v.                        ) JUDGE
                               )
                               )
KNOX COUNTY, TENNESSEE and     )
THE ROGERS GROUP, INC.         )
                               )
     Defendants-Appellees      ) VACATED AND REMANDED


DONALD E. OVERTON and GLENNA W. OVERTON OF KNOXVILLE FOR
APPELLANTS

JOHN KNOX WALKUP, Attorney General and Reporter, NASHVILLE, and
CYNTHIA L. PADUCH, Senior Counsel, State Attorney General's
Office, Knoxville, FOR APPELLEE KNOX COUNTY, TENNESSEE

R. FRANKLIN NORTON, GEOFFREY D. KRESSIN and R. DAVID BENNER OF
KNOXVILLE FOR APPELLEE THE ROGERS GROUP, INC.


O P I N I O N


                              Goddard, P.J.


        Robert A. Keener and the Keener Corporation appeal a

summary judgment granted in favor of Knox County and The Rogers

Group, Inc., in a suit seeking as to Knox County compensation on

the theory of inverse condemnation and against Rogers, for

damages to their property as a result of the construction of what

is known in the record as the Henley Connector in downtown Knoxville.

In the Plaintiffs' case against Knox County it is their theory that notwithstanding the fact a settlement was reached as to the condemnation case against Mr. Keener, by which Knox County acquired property necessary for the construction of the Connector, the resulting activities of the contractors during construction amounted to a further taking of their property for which they were entitled to compensation.

As to Rogers, the suit seeks damages on the theory of negligence for the same activities and strict liability for blasting done by Rogers' subcontractor, Arnold Construction Company, which ultimately settled the Plaintiffs' claim.

As best we understand the Trial Judge's memorandum opinion, he found that the clause in the settlement decree as to the condemnation suit, which released Keener Corporation for any incidental damages, barred a suit in inverse condemnation, and as to Rogers that no blasting was done by it on the dates alleged and, consequently, it could not be liable.

The Plaintiffs' appeal raises the following two issues:

I. WHETHER OR NOT THE TRIAL COURT ERRED IN GRANTING KNOX COUNTY'S SUMMARY JUDGMENT

II. WHETHER OR NOT THE TRIAL COURT ERRED IN GRANTING THE ROGER'S GROUP'S MOTION FOR SUMMARY JUDGMENT

2

As pertinent to this appeal the following pleadings and orders are contained in the record:

1. <u>November 28, 1994</u>. Original complaint filed against Knox County, Rogers and Arnold.

2. <u>February 17, 1995</u>. Amended complaint as to Knox County in response to a motion for a more specific statement of claim.

3. <u>February 24, 1995</u>. Amended and supplemental complaint as to all three Defendants.

4. <u>August 16, 1995</u>. Judgment entered granting summary judgment to Rogers and Knox County.

5. <u>December 11, 1995</u>. Second amended and substituted complaint.

6. <u>October 1, 1997</u>. Third amended and supplemental complaint.

7. <u>December 20, 1997</u>. Order striking references to Rogers and "State of Tennessee personnel" from third amended and supplemental complaint.

8. <u>January 15, 1998</u>. Order of compromise and dismissal as to Arnold.

We first observe before going to the merits of this case that the standard used for determining the propriety of summary judgment is set out in <u>Byrd v. Hall</u>, 847 S.W.2d 208, 214 (Tenn.1993):

> Rule 56 comes into play only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Thus, the issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case, and (3) whether the disputed fact creates a *genuine* issue for trial.

The decree in the condemnation suit contained the following provision:

> IT IS FURTHER ORDERED that the award set out hereinabove includes the actual fair cash market value of the property and property rights acquired in this cause and of any and all damages, whether actual or incidental, to the remainder of the property of the Defendant, and including full settlement of all claims for compensation due the Defendant because of the taking of the property described above and because of the construction of Highway Project No. 47002-2118-44, 1-40-7(62)387 in Knoxville, Knox County, Tennessee, as it affects Tract No. 189-S.

As to the claim against Knox County, the amended and substituted complaint filed on February 24, 1995, sought recovery only on the theory of inverse condemnation, and the Trial Court, upon examining the foregoing order, concluded that the language in the order regarding incidental damages was sufficiently broad to preclude a case by the Plaintiffs under this theory.

The case of <u>Burchfield v. State of Tennessee</u>, 774 S.W.2d 178 (Tenn.App.1988), addresses, although in a different context, the facts that must be shown to sustain a finding that a taking has occurred. After reviewing a number of cases touching on the question of a taking, we concluded the following (at page 183):

> Upon consideration of all the cases, we conclude that whether a taking has occurred depends on the facts of each case, specifically the nature, extent and duration of the intrusion.

4

In the present case the affidavit of Mr. Keener relative to the damages suffered by the Plaintiffs and the taking of his property is set out in Appendix.

Upon viewing the affidavit of Mr. Keener in the light most favorable to the Plaintiffs and indulging all reasonable inferences in support of the Plaintiffs' position, we conclude that, as to many of the complaints[1] he has enumerated, factual disputes remain as to whether the complaints meet the test of Burchfield relative to a temporary taking.

In reaching our conclusion, we are mindful of the case of State v. Rascoe, 181 Tenn. 43, 178 S.W.2d 392 (1944), which holds that--as pointed out in the brief of Knox County--parties "are not entitled to compensation for damages naturally and unavoidably resulting from the careful construction and operation of the public improvement which damages are shared generally by the owners whose lands lie within the range of inconveniences necessarily attending that improvement."

Before leaving the claim against Knox County, we note it has raised two issues which merit attention. First, it contends in the third amended and substituted complaint, filed on October 1, 1997, Knox County was not named as a party defendant, but this is understandable because the suit against Knox County had long since been resolved by the Trial Court's entry of the summary judgment on August 16, 1995. Indeed, this is apparent

---

[1]    Diversion of traffic is not compensable.  Tate v. County of Monroe, 578 S.W.2d 642 (Tenn.App.1978).

because of the motion and subsequent order striking any reference to Knox County or Rogers.

By their second issue, Knox County contends a notice of appeal was not timely filed because the summary judgment was entered on August 16, 1995, and a notice of appeal was not filed until January 29, 1998.  It should be noted that the summary judgment entered was not made a final judgment pursuant to Rule 54 of the Tennessee Rules of Civil Procedure, and was not ripe for an appeal until the entry of the order of compromise and dismissal as to Arnold, which resolved all issues as to all parties.

As to Rogers, the Trial Judge's grant of summary judgment was predicated upon a finding that it did no blasting on the dates alleged.  However, there is an affidavit by John Corum, an officer of the Keener Corporation, that blasting did occur on those particular days.  It may be that the Trial Court was saying that, although blasting did occur by Arnold, the subcontractor, none was done by the principal contractor, Rogers. The fallacy of this reasoning, however, is that under the law of this State a party causing damage by blasting is strictly liable, and the general contractor is jointly liable with the subcontractor. Walton-McDowell Co. v. Jackson, 5 Tenn. C.C.A. 324 (1914); Cumberland Telephone & Telegraph Co. v. Stoneking, 1 Tenn. C.C.A. 241 (1911).

It might be contended that a settlement of the case against the party doing the blasting, in this case Arnold, served to release the general contractor, Rogers.  While this would

6

ordinarily be true, the predicate for the suit against Rogers is not vicarious liability, but Rogers' independent negligence.  In this case it would appear that--if the facts upon trial remain the same--under the teachings of <u>McIntyre v. Balentine</u>, 833 S.W.2d 52 (Tenn.1992), and the law of this State that the prime contractor and the subcontractor are jointly liable in cases of damages occurring by blasting, Rogers would be liable for 50 percent of any damages found to have been suffered by the Plaintiffs.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for further proceedings not inconsistent with this opinion.  Costs of appeal are adjudged one-half to the Plaintiffs and their surety and one-half to Rogers.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


___(Not Participating)_____
Don T. McMurray, J.