# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned On Briefs to the Western Section of the Court of Appeals
on March 30, 2007

## CALVIN WESTERVELT v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. 29399778     Stephanie Renee Reevers, Commissioner**

---

**No. M2006-00766-COA-R3-CV - Filed on April 18, 2007**

---

Claimant sought to recover for injuries allegedly caused by an agency of the State. The Claims Commission found claimant to be 65% at fault. Therefore, under the rule of comparative fault adopted in *McIntyre v. Ballentine*, Claimant was precluded from an award of damages. Claimant asks this Court to affirm in order that he may proceed with the appellate process. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

John A. Day, Rebecca C. Blair and Brandon E. Bass, Brentwood, Tennessee and Joe F. Gillespie, Jr., Joelton, Tennessee, for the appellant, Calvin Westervelt.

Robert E. Cooper, Jr., Attorney General, Michael E. Moore, Solicitor General and Martha A. Campbell, Associate Deputy Attorney General, for the State of Tennessee.

## MEMORANDUM OPINION[1]

This case arises out of a motor vehicle collision in a Tennessee Department of Transportation construction zone in which the claimant, Calvin Westervelt (Mr. Westervelt), collided head-on with another vehicle. He contends that he was misdirected onto an interstate exit ramp by inadequate

---

[1]**RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

signs and pavement markings in the construction zone resulting in the collision with another vehicle. The Claims Commission entered a judgment finding that the defendant State of Tennessee was at fault, and that the State's fault was a cause in fact and proximate cause of Mr. Westervelt's injuries. However, the Commission further held that the Claimant was at least 50% at fault for his injuries, which precluded any recovery on his part.

Mr. Westervelt filed a motion to alter or amend the judgment, asking the Commission to specify the percentages of fault apportioned to each party, and to specify the total damages sustained by the Claimant. In his motion, Mr. Westervelt informed the Commission of his intent to ask the Supreme Court of Tennessee to adopt a system of pure comparative fault. The Commission granted this motion, finding that the Claimant's damages amounted to $1,325,000 and that the State of Tennessee and the Claimant were respectively 35% and 65% at fault.

Mr. Westervelt perfected a timely appeal to this Court and presents the following issue:

> Whether a system of pure comparative fault more fairly serves the stated intent of the Supreme Court of Tennessee that the courts should not fortuitously impose a degree of liability that is out of all proportion to fault.

The State presents the issue as follows:

> Whether the Claims Commission correctly apportioned fault under the prevailing law of Tennessee.

The Claimant seeks to ask the Supreme Court of Tennessee to overturn that portion of *McIntyre v. Ballentine*, 833 S.W.2d 52 (Tenn. 1992), which prevents a person who is 50% or more at fault for the legal cause of his own injuries from recovering from an at fault tortfeasor. It is Claimant's position that if the supreme court adopts pure comparative fault, he would be entitled to recover a proportionate share of his damages from the Defendant. The Claimant recognizes that only the Supreme Court of Tennessee has the authority to overturn its precedent, and therefor asks this Court to simply affirm the judgment against the Claimant so that the appellate process may continue. It is the State's position that because the Claimant concedes that its case was correctly decided by the Claims Commission under current law, the judgment of the Commission should be affirmed.

Recognizing, as do the parties, that this Court is without authority to overturn a portion of an opinion of our supreme court, we affirm the judgment of the lower court. Costs of this appeal are taxed to the appellant, Calvin Westervelt, and his surety.

 

 

_____
DAVID R. FARMER, JUDGE